J. W. COUNCIL, C. M. E. v. JAMES G. RIVERS and others.

A civil action to recover the amount of a bond given for the purchase of a tract of land sold by the Clerk and Master under an order of the late Court of Equity, will not be sustained, because the Superior Court has, under the present system, succeeded to the jurisdiction of the Court of Equity and has plenary power, by an order in the cause, to compel the purchaser to pay such a sum as the Court may, under the circumstances, deem right and proper.

The objection that another action can not be sustained, because the Court can give the desired relief by orders in a cause still pending, though not taken in the Superior Court by demurrer or otherwise, may be taken *ore tenus* in the Supreme Court, or the Court may take it *mero motu* to prevent multiplicity of suits and the accumulation of costs but in such case the action will be dismissed without costs.

The cases of *Mason* v. *Miles*, 63, N. C. Rep. 564, and *Rogers* v. *Holt*, Phil. Eq. 108, cited and approved.

This was a civil action brought to recover the amount of a bond given in January, 1867, by the defendants to the plaintiff, as Clerk and Master, for the purchase money of a tract of land sold under an order of the Court of Equity, for the County of Watauga. The defendants demurred to the complaint and assigned several grounds therefor, but did not assign for cause that the action was unnecessary because full relief might be given by orders in the suit in which the sale was made and confirmed. The demurrer was overruled at the Fall Term, 1870, of the Superior Court for Watauga County, by his Honor *Judge Cloud*, and a judgment given for the plaintiff, from which the defendants appealed.

*Folk* for the defendants.
*Malone* for the plaintiff.

PEARSON, C. J. "It is a well settled principle of equity, that when a person can have adequate relief by an order in a cause pending in the same Court, he shall not be allowed to seek his remedy by a separate suit." *Mason* v. *Miles*, 63 N. C. 564.

" These cases assert the power of the Court of Equity upon petition for the sale of lands for the benefit of infants to compel the purchaser by *orders made in the cause,* to perform specifically his contract, &c.   With such plenary power over the subject, we cannot doubt that the Court of Equity for Alamance, can by proper orders to be made in the suit, now pending there, compel the purchaser of the land to pay the full amount of his bids, or such other sum as the Court under the circumstances may deem right and proper.   If this be so, the present bill is unnecessary, was improperly filed, and being objected to by demurrer must be dismissed." *Rogers* v. *Holt,* Phil. Eq. 108..

· These two cases are decisive of our case.   Indeed the opinion in the latter, with a change of names and substituting " action" for " bill in equity," might be filed as the opinion in this case.   Here is a judicial sale of land for the benefit of infants.   The proceeding is still pending, the purchase money not being paid, and the order to make title not having passed.

So, the Court where the proceeding is pending has plenary power by an order in the cause to compel the purchaser to pay such a sum as the Court under the circumstances may deem right and proper.   It follows, this action must be dismissed.

This objection is not assigned, as one of the grounds of demurrer.   But an objection of this nature may be taken *ore tenus* or may be taken by the Court *mero motu* in furtherance of the administration of justice, in order to prevent the Court from being incumbered and the useless accumulation of cost, by having two actions, when the latter is unnecessary and its purpose can be effected better, by a motion in the first.   As the objection was not taken in the Court below, the action will be dismissed without allowing cost.