## THOMAS W. HUDGINS *v.* PETER F. WHITE *et al.*

The C. C. P. sec. 133, makes it discretionary with a Judge whether he will relieve a party against a judgment taken against him through his "inadvertence, mistake, surprise, or excusable neglect." If a Judge refuses to entertain a motion to set aside a judgment for any of the enumerated causes, because he thinks he has no power to grant it, then there is error, and he has failed to exercise *the discretion* conferred on him by law.

After hearing the evidence and finding the facts under the above recited section of the C. C. P., the action of the Judge is conclusive upon the parties, from which there is no appeal.

This discretion, however, is not arbitrary, but implies a legal discretion. As for instance, if the Judge mistake the meaning of the statute as to what is "mistake, inadvertence, surprise, or excusable neglect." In such cases his judgment is the subject of appeal and review.

Motion to set aside a judgment heard before *Pool*, J., at Spring Term, 1871, of CHOWAN Superior Court.

The facts were, that at Fall Term, 1869, the present plaintiff upon the relation of the State of North Carolina obtained judgment against the defendant White and others, on the official bond of said White as Sheriff of Chowan County. The suit was instituted in the year 1861, and tried upon the issues presented by the defendant's pleas, to wit: "Covenants performed and no breach."

In August, 1868, the defendant, Bond, filed his petition in bankruptcy, and received his certificate of discharge some time in 1869. The bankruptcy of said defendant was not suggested during the pendency of said suit, nor after he received his certificate of discharge from the Court of bankruptcy did he plead the same, at or before the rendition of judgment in this case, but from facts not necessary here to state he was led to believe that a *nol. pros.* had been entered as to him.

It is conceded that the motion to set aside said judgment shall be regarded as made within the time prescribed by law.

His Honor refused to allow the motion, upon the ground that he had no power to grant it, from which ruling the defendant White appealed to the Supreme Court.

*J. A. Moore* and *Phillips & Merrimon*, for plaintiff.
*Smith*, for defendants.

1. A motion in the cause was the proper course. *Caldwell* v. *Bank Cape Fear*. *Mason* v *Miles*, 63 N. C. 565, decide that the present action cannot be sustained.

Objection not raised in the pleadings can be taken *ore tenus* *Council* v. *Rivers*, 65 N. C. 54.

2. Equity would not relieve upon the facts contained in the complaint. 2 Story's Eq. Jur, sec. 1572, 1573, 1574.

A Note taken by a bank in payment of a pre-existing debt is not discounted. &c. *Lime Rock Bank* v. *Hewett*, 52 Maine 531. Morse on Banks and Banking, 20. *Vide* Code, sec. 133.

READE, J. The Code, s. 133, provides, that a Judge may, in his discretion, and upon such terms as may be just, at any time within one year, after notice, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertance, surprise or excusable neglect.

In this case the motion was made more than a year after its rendition; but it was agreed to be considered as if it had been made within time. So there is no difficulty about that.

His Honor heard evidence as to the facts under which the judgment was rendered; and refused to set it aside because he supposed he had not the *power*.

What were the facts, was a question exclusively for his Honor. In such cases the Judge is the trier of the facts, as the jury is in ordinary cases; and from his finding there is no appeal.

After hearing the evidence and finding the facts, it is discretionary with the Judge, to set aside the judgment or not; and from the exercise of his discretion, there is no appeal. But

this must be understood with the qualification, that it is not altogether an arbitrary discretion; for, if in ascertaining the facts, or exercising his discretion, he make a mistake of the *law,* that mistake can be appealed from. As, for instance, if competent evidence be offered and rejected; or, if he mistake the meaning of the statute as to what is, "mistake, inadvertence, surprise, or excusable neglect." In such case he may be reviewed; because that is not the exercise of a discretion, but a misapprehension of the law; and no one has a discretion to misapply the law. So, in the case of an application for the removal of a case, the Judge has a discretion, the exercise of which we cannot review, unless it appear that some principle of law is misconceived and misapplied.

In the case before us, his Honor did not exercise his discretion upon the merits, but supposed that he had no "*power*" to set the judgment aside, even if the merits required it. Whether he had such power, is a question of law. We think he had the power.

There is error. Let this be certified.

PER CURIAM. Error.