STEPHEN F. LORD and wife v. T. J. MERONY and another.

*Practice—Separate action—Sale of Land under Decree—Subsequent Purchaser.*

1. Where land belonging to an infant was sold by a Clerk and Master under decree of a Court of Equity which directed title to be retained until the payment of the purchase money, and a note for the purchase money was executed by the purchaser to the Clerk and Master as guardian of the infant (he having become guardian subsequent to the sale) who thereupon made title to the purchaser ; and thereafter strangers to the decrees made in the original cause became *bona fide* purchasers of the land with notice of the non–payment of the purchase money by the original purchaser at the Master's sale : and the note on settlement with the guardian had become the property of the ward ; *It was held,* that the ward could not maintain a separate action against the purchasers of the land to subject the same to the payment of the note, but was limited to her remedy by motion in the original cause.

2. Land sold under decree of Court remains in *custodia legis* until the final disposition of the case by payment of the purchase money and execution of title by the regular order of the Court, and all who claim title, mediately or immediately, through the first judgment of the Court and before the final disposition of the cause, must claim subject to the rights of the parties to the original suit, and to the orders of the Court made or to be made in that suit.

CIVIL ACTION, tried at January Special Term, 1878, of ROWAN Superior Court, before *Kerr, J.*

The facts set out in *Lord* v. *Beard, ante* 5, so far as they relate to the appointment of Luke Blackmer as guardian of the feme plaintiff, and the sale of certain real estate as clerk and master under a decree in equity, are applicable to this case. And the additional facts material to the point decided here, are,—that Blackmer sold a large quantity of land to Isaac Lyerly who gave his bond for the purchase money, and the clerk and master retained the title until the payment thereof under the provisions of said decree ; that J.

W. Hall (who died before this suit was begun) bought a portion of said land from Lyerly, and at a subsequent term of the Court, a decree was made authorizing the clerk and master to adopt the sale by Lyerly to Hall. And thereupon Hall executed to Blackmer as guardian aforesaid a note with good security for the purchase money, and Blackmer gave him a deed for the premises. On failure to pay the note Blackmer brought suit, recovered judgment, and transferred the same to the feme plaintiff in a settlement with her. The plaintiffs now seek by this action to subject said land to the satisfaction of the judgment.

It was in evidence that Hall and his sureties upon said note were declared bankrupts; but that before going into bankruptcy, Hall surrendered the possession of the premises to said guardian; and that under the proceedings in bankruptcy, a homestead was assigned to Hall in said land, and an order made directing his assignee in bankruptcy to sell the reversionary interest therein, at which sale Lewis Hanes became the purchaser, and afterward sold his interest with warranty to the defendants in this action, informing them of the equities of the plaintiffs. The defendants in their answer also admitted the plaintiffs' allegation, to the effect, that said claim was proved in bankruptcy against Hall's estate, and that no dividend was ever declared for the benefit of said guardian.

Upon issues submitted, the jury found for the plaintiffs. Judgment. Appeal by defendants.

Same counsel as in preceding case.

BYNUM, J. It is claimed that this case differs from the case of *Lord* v. *Beard, ante* 5, in this, that other parties, strangers to the decrees made in the case, and not parties to the sales made under the orders of the Court in the original action, have become the *bona fide* purchasers and gran-

tees of the premises from the first purchaser, Dr. Hall, and that therefore the case is taken out of the rule, that all relief must be sought in the original action, and that the Court has lost jurisdiction to interfere against these subsequent purchasers by summary proceedings in the cause. But these purchasers, although strangers to the decree of sale, by their purchase submit themselves to the jurisdiction of the Court in respect to the purchase. All acquiring title under the master's sale take subject to the jurisdiction. They take with a knowledge of the power of the Court over titles thus acquired, and take no better or more perfect title as against the interference of the Court, than any of the preceding grantees had. *Hall* v. *Clawson,* 60 N. Y. 339.

When the Court in the first suit acquired jurisdiction over the subject matter of the action, it was from that time, as it were, *in custodia legis,* until the final disposition of the case by the payment of the purchase money and execution of the deed to the purchaser, by the regular order of the Court. The Meroneys can be in no better condition than Hall, the first purchaser, for they bought as confessed in their answer with *actual* notice that the purchase money had not been paid by Hall, but that in lieu thereof, only a guardian note for the money had been given. The land therefore remained bound for the purchase money, and this proceeding is in the nature of a proceeding *in rem* to subject that specific property to its payment. The original suit in equity drew this land within its jurisdiction, and draws all parties interfering with it, where it and they must remain until the debt is satisfied. The Court lays hand upon the *corpus* of the thing so as to enforce its decrees in whosoever's possession it may be found; and all those who claim title, mediately or immediately, through the first judgment of the Court and before the final disposition of the cause, must claim subject to the rights of the

parties to the original suit, and to the orders of the Court, made or to be made in that suit.

The rights acquired by the defendants in the land are held subject to the lien of the plaintiffs for the purchase money.  The right of the plaintiffs to the relief they claim is so clear that it is a matter of regret that they have resorted to the wrong jurisdiction for redress.  The settled principles upon which the Courts act in the enforcement of even the most obvious rights must be maintained.  It is better for parties who mistake their remedy to submit to temporary delay in reaching their rights, than that the Courts should confound wholesome distinctions established by a uniform course of decisions and inculcated by the pith and spirit of the Code of Civil Procedure.  *Lord* v. *Beard, ante* 5.

Error.

PER CURIAM.    Judgment reversed and action dismissed.