MAY MURRILL and others by their G'd'n v. A. J. MURRILL and another.

*Practice—Motion in the Cause.*

A new action between the same parties touching a matter that might be settled by motion in the original action will be dismissed.

(*Council* v. R ·· s, 65 N. C., 54; *Lord* v. *Beard* and *Merony*, 79 N. C., 5 and 14; *Faison* v. *McIlwaine*, 72 N. C., 312, cited and approved.)

MOTION of defendants to dismiss the action heard at Fall Term, 1880, of Onslow Superior Court, before *Gudger, J.*

The motion was allowed and the plaintiffs appealed.

*Messrs. George V. Strong* and *H. R. Bryan,* for plaintiffs.

*Messrs. A. G. Hubbard* and *Allen & Isler,* for defendants.

RUFFIN, J.   A brief statement of the case only is needed, that the point presented by the appeal may be understood.

The plaintiffs in the present action allege in their complaint that in 1851, Sarah D. Murrill, Daniel R. Ambrose and Mary J. Ambrose, being tenants in common of a certain parcel of land filed their petition in the late court of equity for Onslow county for the sale of the same for partition, when a sale was decreed and made by one Jasper Etheridge, as a special commissioner of the court; that A. J. Murrill who was then the husband of the petitioner, Sarah D., became the purchaser and gave his bond, with surety, to the commissioner for the purchase money, no part of which has ever been paid, and both parties to the note are insolvent; that there was never any decree for title to be made, but still the commissioner had made a deed, and that the said Mary J. Ambrose, after intermarriage with the plaintiff,

---

*Smith, C. J., did not sit on the hearing of this case.

John F. Murrill, died, leaving the other plaintiffs as her only heirs, and the relief prayed for is, that the plaintiffs may have a lien on the land for their share of the purchase money, that the commissioner's deed be declared void and that the land be sold. When the present action was called for trial, the defendants moved to dismiss it upon the ground that the plaintiffs might have the relief sought in the original action and could not therefore maintain an independent suit, and His Honor being of that opinion dismissed the plaintiffs' action. The plaintiffs then moved the court to treat their action as a motion in the original cause and proceed with it accordingly, which the judge declined to do and the plaintiffs appealed.

Feeling ourselves controlled as doubtless His Honor did by the cases of *Council* v. *Rivers,* 65 N. C., 54; *Lord* v. *Beard,* 79 N. C., 5, and *Lord* v. *Merony, Ib.,* 14, we are most reluctantly led to say that the plaintiffs' action was properly dismissed. Those cases go to the length of deciding that when a proceeding is begun in any court of competent jurisdiction for a sale of lands for partition, the court acquires such exclusive control over the parties and subject matter of the action as to oust the jurisdiction of every other tribunal, and that if a new action be begun between the same parties touching any matter that might be settled in the original action and before its termination, the court will dismiss it as soon as informed thereof. We are sensible of the hardship of the rule upon the present plaintiffs whose action was begun in 1873 and put at issue by the filing of complaint and answer at fall term, 1874, since which time it has been pending, with two efforts for a trial resulting in mistrials, until fall term, 1880, when for the first time the motion to dismiss it is made. We can but wish His Honor had yielded to the prayer of the plaintiffs and consented to treat their proceeding as a motion in the original cause, and if we could see that his refusal proceeded from any supposed want of power

to do.so, we should not hesitate to grant the plaintiffs a new trial notwithstanding what is said in *Faison* v. *McIlwaine*, 72, N. C., 312, for if the discretion to allow such a motion was ever lodged in the court it is there still, and its exercise is in keeping with the new order of procedure.   But as we cannot perceive that in refusing the plaintiffs' motion His Honor did anything more or less than in his discretion he thought to be right, we are neither at liberty nor disposed to enquire into the correctness of his judgment, and the same is affirmed.

No error.                                              Affirmed.

