W. W. HUDSON et al., Adm'rs, v. JOHN A. COBLE.

*New Action—Motion in the Cause—Sale of Land for Assets— Parties—Judicial Sales—Statute of Frauds.*

1. A proceeding to sell land for assets is essentially equitable, and the Court has all the powers of a Court of Equity to accomplish its purpose.

2. Where relief may be had in a pending action, it must be sought by a motion in that cause, and if a new action is brought it will be dismissed by the Court *ex mero motu*, if the objection is not taken by the defendant.

3. Before a purchaser at a judicial sale can be held to his bid, the sale must be confirmed by the Court which ordered it to be made.

4. If a purchaser at a judicial sale fails to comply with his bid, the Court may either decree; 1st, that he specifically perform his contract; or 2d, that the land be resold and the purchaser released; or 3d, that without releasing the purchaser, the land be resold, but in this case, the purchaser must undertake as a condition precedent to the order of sale, to pay all additional costs and to make good any deficiency in the price.

5. Where a purchaser at a sale to make assets failed to comply with his bid, and the land was resold for a less price, he cannot be made liable in a new action for such deficiency, but the remedy is by a motion in the cause.

6. *Quære*, whether in such case, the administrator or the heir at law is the proper party to move, it not appearing that the excess of the first bid is needed to pay debts.

7. The statute of frauds has no application to judicial sales.

(*Trice* v. *Pratt*, 1 Dev. & Bat. Eq., 626; *Murrill* v. *Murrill*, 84 N. C., 182; *Rogers* v. *Holt*, Phil. Eq., 108; *Singeltary* v. *Whitaker*, Ibid., 77; *Cotton, ex parte*, Ibid., 79; *Council* v. *Rivers*, 65 N. C., 54; cited and approved).

CIVIL ACTION, tried before *Clark, Judge,* at February Term, 1886, of GUILFORD Superior Court.

The plaintiffs, administrators of William Hudson, finding the personal estate of the deceased insufficient, instituted, in

association with his heirs at law, a proceeding against the widow in the Superior Court before the clerk, for a decree of sale of a tract of land of about 90 acres, owned by him at the time of his decease, and its conversion into assets to pay his debts and the charges of administration.

The widow, at first demanding that her dower be assigned to her therein, came to an agreement with the petitioners, whereby she gave consent to a sale of the land free from any claim of her own on condition of receiving in lieu thereof $650, the first proceeds of the purchase money. A judgment was accordingly entered, authorizing and directing the administrator to make the sale, on the terms that $700 be paid at once, and the residue in equal parts, with interest, at six and nine months from the day of sale.

The sale was made on March 5th, 1885, on the premises, and the present defendant being the last and highest bidder, became and was declared the purchaser at the price of $2,009.99.

The defendant did not comply with the terms, and afterwards repudiated his purchase altogether.

On March 10th, the administrators made report of the facts, and asked for another order of sale, which was made the day following. At the second sale the land brought $1,635, and this bid, the terms being complied with, was reported and confirmed on May 18th, and the title directed to be made when all of the purchase money was paid.

The administrators alone bring the present action against the first bidder, the defendant, to recover in damages the sum of $374.99, the difference in the bids, lost by the defendant's refusal to take the land at his own bid.

The defendant demurs to the complaint, as follows:

"The defendant, without waiving the many inaccuracies in the statement of the facts, and the omission to state others, demurs to the complaint, for that it does not show a cause of action against the defendant, in this:

1st. If they were entitled to any relief, it should have been asked in the proceeding to sell the land for assets, and they cannot institute a new action for the same.

2d. According to their own showing, the alleged sale to defendant was not confirmed and ratified by the Court and defendant's bid accepted.

3d. They do not allege that any rule or notice was served upon defendant to show cause why he should not comply with the alleged terms of sale, or in any other way give him a day in Court.

4th. That the alleged sale, according to plaintiffs' own showing, was not in such manner and form as to bind him under the statute of frauds.

Wherefore defendant demands judgment whether he shall be compelled to answer the facts alleged in the complaint, and that plaintiffs' action be dismissed and defendant recover his costs."

Upon the hearing, the Court sustained the demurrer, dismissed the action, and adjudged costs to the defendant, and the plaintiffs appealed to this Court.

*Mr. L. M. Scott,* for the plaintiffs.
No counsel for the defendant.

SMITH, C. J., (after stating the facts). We concur with the Judge in the opinion that the action cannot be maintained, and that if the plaintiffs, (if they, instead of the heirs, are entitled to recover the loss,) have misconceived the mode of reaching the fund, in resorting to an independent action, the proper remedy must be sought in a proceeding in the cause, and to this end the first bid should have been accepted by the Court, and the contract thus consummated. That this is the course to be pursued in equity is not disputed by appellants' counsel, and is fortified fully by precedents. Nor has the statute of frauds any application to

judicial sales, as .is held in case of *Trice* v. *Pratt*, 1 D. & B. Eq., 626.

Numerous adjudications have established the general proposition, that where relief can be had in a pending cause, it must be there sought. *Murrill* v. *Murrill*, 84 N. C., 182, and many other cases.

In *Rogers* v. *Holt*, Phil. Eq., 108, BATTLE, J., cites *Singeltary* v. *Whitaker*, and *Cotton, Ex parte*, in the same volume, at pages 77 and 79, and asserts the proper practice in this language: "These cases assert the power of the Court of Equity, upon petition for the sale of land for the benefit of infants, to compel the purchaser by *orders made in the cause, to perform specifically his contract of purchase*," &c.

Even if a bond had been given for the purchase money, it is held in *Council* v. *Rivers*, 65 N. C., 54, that a separate action cannot be prosecuted to enforce payment, but that the remedy is in an order in the pending cause, and that this objection to jurisdiction may be taken on appeal, or the Court may act *ex mero motu*

The method of procedure is particularly pointed out by the late Chief Justice in these words: " The orderly mode of proceeding was for the Court to *accept the bid* of Coffield and Barnhill, by confirming the contract of sale, and then upon the matter set out in the report, to enter a rule against them, to show cause why they should not be required to comply with the terms of sale." He then proceeds to suggest that the purchasers may be decreed, (1), to specifically perform their contract; or (2), the land may be ordered to be sold and the purchaser released; or (3), without releasing the purchaser, such second sale may be directed, the purchasers undertaking, as a condition precedent to such order, to pay the additional costs, and make good any deficiency produced thereby. The ruling appealed from in that case, was that without the confirmation the land be resold and

the purchasers pay the difference, if any, in the sales, and the order was set aside and the ruling reversed.

· The form of the present proceedings is essentially equitable, and must involve, when necessary to accomplish its purposes, the exercise of similar powers. It could never have been intended by the Legislature to confer the jurisdiction, and leave the Court without the means of making it effectual and complete. The application is in the Superior Court, the clerk exercises jurisdiction, and any question of law or fact may be referred to the Judge or jury. There is no impediment suggested in the way of the exercise of all the functions pertinent to the case, and to a full and final determination.

There is no error.   Judgment affirmed.

No error.                                              Affirmed.