JOHN A. LACKEY, Comm'r. v. JOHN A. PEARSON.

*Appeal— Undertaking—Judicial . Sale—Remedy against Pur-chaser.*

1. An error in the recital in an undertaking on appeal, of the rendition of the judgment from which the appeal is taken, will not author-ize a dismissal of the appeal ; and such error may be remedied under the provisions of the Act of 1887, ch. 121.

2. An independent action upon an obligation to secure the payment of money given upon a purchase under a judicial sale will not be entertained if the objection be made in apt time, the proper course being to enforce the contract by a motion in the cause in which the sale was decreed ; but if the objection is not made at the proper time, the Court may proceed with the action.

3. Such objection will not be entertained when made for the first time in the Supreme Court. (The ruling in *Council* v. *Reeves*, 65 N. C., 54, on this point, disapproved.)

4. Where a Commissioner appointed to conduct a judicial sale was directed to sell for cash, and did so, except that one of the pur-chasers did not immediately pay his bid : *Held*, that the Commis-sioner might maintain an independent action in his own name to recover the amount of the bid.

This action was begun on February 26th, 1887, and prose-cuted to judgment before a Justice of the Peace of BURKE County, and removed by defendant's appeal to the Superior Court of the county, and was tried before *Merrimon, J.,* and a jury, at March Term, 1888.

The complaint states that the plaintiff, as Commissioner, had been ordered at Fall Term, 1886, of said Court, to make sale of a house and lot and certain drugs for cash, and that he did make such sale on January 3d, 1887, at which the defendant bought of the personalty to the amount of seventy-four dollars, and received possession without paying his bid at the time, but of which he has since paid all but the sum of twenty dollars, to recover which the suit has been brought.

The defendant's answer (for formal pleadings were made up in the Justice's Court before trial) admits the allegations of the plaintiff, but sets up a counter-claim for rent of the store in which were kept the drugs, the same as that demanded in the complaint, and to this a replication was put in denying any liability of the plaintiff for the claim.

In the Superior Court an issue in these words, " What, if anything, is due the defendant from the plaintiff?" was submitted to the jury, who responded, " Nothing."

Thereupon, judgment was rendered for the plaintiff, prefaced by the following recital:

" This action having been submitted to a jury, who find the issue against the defendant as to the counter-claim, and the cause of action as to the plaintiff and the amount being admitted by the defendant."

From this judgment defendant appeals.

The case on appeal is thus set out:

" In this action defendant admitted that the claim of the plaintiff was correct, but insisted that the plaintiff owed him a like sum for rent, and pleaded this alleged indebtedness as a counter-claim.

The issue submitted to the jury was not objected to by either party.

After verdict defendant moved for a new trial, stating that the jury had misunderstood the issue. The Court said that a juror could not be heard to impeach the verdict, but stated that if it could be made to appear by the affidavit of jurors that they misunderstood the issues or the charge of the Court thereon the verdict would be set aside. No affidavit of the kind was offered. There was no objection to the testimony and no exception to the charge of the Court to the jury. There was judgment for the plaintiff."

*Mr. S. J. Ervin,* for the plaintiff.
*Mr. I. T. Avery,* for the defendant.

SMITH, C. J. (after stating the case.) Upon taking up the cause in the Court the plaintiff moved to dismiss the appeal, upon the ground that the undertaking given to sustain it recites the judgment as having been rendered on March 23d, 1888, while the record shows it to have been rendered on the 5th day of that month.

The exception is without force. The term of the Court began on March 5th, the first Monday thereof, and under the statute (Acts 1885, ch. 180, § 1) was continued two weeks, and while the two weeks had expired, the judgment in every other respect is correctly described in the undertaking, so that an erroneous recital of its date cannot have the effect of impairing the obligation as a security for the costs and damages not exceeding $25, that may be awarded against appellant in the appellate Court. If it were not so the defect would seem to be one intended to be remedied by the Act of 1887, ch. 121, which disallows a motion to dismiss unless notice has been given the appellant twenty days before the entering upon the hearing of appeals from Courts of the District to which it belongs, as construed in *Bowen* v. *Fox,* 98 N. C, 396. Disposing of this motion by a denial, we proceed to consider the case upon its merits.

It will be observed that no opposition was made to the plaintiff's right of action to recover the balance due on the sale, either on the trial before the Justice or in the Superior Court. On the contrary, it was admitted, and the sole controversy was as to the counter-claim set up against it. Nor, indeed, was any opposition made thereto, even after verdict.

The point is first taken in the argument in this Court that the action is not maintainable by suit in the Commissioner's name, and that the sole remedy was by motion in the cause, according to the cases of *Ex parte Cotten,* Phil. Eq., 79; *Lord* v. *Meroney,* 79 N. C., 14; *Lord* v. *Beard,* Ibid., 5, and numerous cases following.

The objection, taken in apt time to the prosecution of an independent suit upon a bond or other security given by a purchaser at a judicial sale conducted under the directions of the Court, in accordance with repeated rulings in this Court, might have been fatal to its maintenance, as a more direct and expeditious remedy is furnished by the statute first in force in Rev. Code, ch. 31, sec. 129, and now embodied in § 941 of *The Code.* So far has this as a sole and exclusive remedy to be pursued in such cases been carried, that it is held in *Council v. Reeves,* 65 N. C., 54, that the objection to the bringing of a separate action for such unpaid deferred purchase money may be taken in this Court upon an appeal, though never before, *ore tenus,* or it will be noticed by the Court, *mero motu,* and the action dismissed. The reasoning by which this result is reached rests upon the supposed incompatibility of the two methods of procedure, and, in the language of the Chief Justice, " to prevent the Court from being encumbered, and the useless accumulation of costs by having two actions when the latter is unnecessary, and its purpose can be effected better by a motion in the first."

The reasoning is not satisfactory to us, because it does not follow, when a choice of two modes of redress is given, that both may be used at the same time, but rather that an election of the one precludes a resort to the other. A familiar illustration is furnished in the statute which gives the summary remedy by a motion, after notice, against a Sheriff, Coroner, Constable, Clerk, County or Town Treasurer, or other officer, who receives money by virtue or color of office, and on demand fails to pay the same to the person entitled, and not only against him, but the sureties to his official bond—*The Code,* § 1889—and it has never been understood that this cumulative and optional remedy obstructed the bringing a regular action on the bond, when the injured party preferred to have recourse to it.

Now, it is plain that while the security given for a deferred payment in a bond executed to secure it, and which is under the control of the Court that orders the sale, may be thus summarily enforced, there is seen no intrinsic reason why a new suit upon the bond, in the name of the State, may not be prosecuted instead.

It is expressly provided in section 51 of *The Code*, transferred from the Revised Code, that " bonds and other obligagations taken in the course of any proceeding at law under the *direction* of the Court and payable to any Clerk, Commissioner, or official of the Court for the benefit of the sureties in the cause, or others having an interest in such obligation, *may be put in suit* in the name of the State."

The difficulty lies not so much in the action as in the party who brings it, and this objection can hardly follow, unobserved, an action in its course from its inception to the appellate Court, and there be allowed to work out its defeat. The case of *Council* v. *Reeves* has not since been followed to the extent of allowing an action to be defeated after reaching the Supreme Court on such ground.

In *Winfield* v. *Burton*, 79 N. C., 388, RODMAN, J , thus declares the law : " It may be observed here that, under the decision in *Lord* v. *Baird, ante,* 5, the present claim should regularly have been made by motion in the suit for partition among the Daniel children. *This irregularity,* however, *is one that may be waived, and it has been.* We pass it, therefore, without further notice."

This is re affirmed by RUFFIN, J., in *Hawkins* v. *Hughes*, 87 N. C., 115. The present case is marked by essential and distinctive differences peculiar to itself.

The sale of drugs was directed to be for cash and no indulgence given to the purchaser, nor was any security authorized to be taken for any part of the purchase money. There was no security taken and delivered into the possession of the Court. For aught that appears the money was

accounted for and paid into Court, and if not it could have been compelled. The delivering of the goods was outside the order under which the Commissioner was acting, and no confirmation made of this departure from the direction given. It seems to have been an unwarranted act of the Commis-ioner, and hence a p rsonal matter between him and the defendant, in which the former must seek direct redress against the latter, and in which the Court, while it might have enforced payment against the purchaser, if the money had not been paid into the office by the plaintiff, for colluding in the act of disobedience to the mandate of the Court, and by motion and judgment if the sale had been sanctioned and confirmed, did not choose thus to proceed.

Differing thus essentially, we do not feel at liberty to extend the ruling in the case cited to the fact before us.

The judgment must therefore be affirmed, and it is so ordered..                                    Affirmed.