## ELLIOTT *v.* SHULER *et al.*

*(Circuit Court, W. D. North Carolina. April 20, 1892.)*

1. REMOVAL OF CAUSES—SPECIAL PROCEEDING BY ADMINISTRATION—SALE OF REAL ESTATE.

   A special proceeding by an administrator to obtain a license to sell the real estate of his intestate for the payment of debts is within the act of congress providing for the removal of "any suit of a civil nature, at law or in equity," from a state to a federal court, though the federal court could not have had original jurisdiction of the proceeding.

2. SAME—NATURE OF PROCEEDING—EQUITABLE JURISDICTION.

   Though such proceeding be treated by the state court as equitable in its nature, yet, not coming within any of the recognized heads of equitable jurisdiction, it must, on removal, be placed on the law docket of the federal court.

3. SAME—WAIVER OF OBJECTIONS.

   The proceeding having been removed on the petition of defendant, she thereby waived all questions pertaining to the jurisdiction of the federal court, except the total absence of jurisdiction.

4. SAME—LANDS OF INTESTATE—SALE FOR DEBTS.

   Lands purchased by a defaulting cashier with the funds of his bank, and caused by him to be conveyed to his wife, are not within Code N. C. § 1446, describing the real estate of a decedent which may be sold for the payment of his debts on the application of his administrator as being "all rights of entry and rights of action, and all other rights and interests in lands, tenements, and hereditaments, which he may devise, or by law would descend to his heirs," since the cashier never acquired any legal or equitable estate in the lands so purchased.

5. SAME—FOLLOWING TRUST FUNDS.

   In such case plaintiff's remedy is by an equitable proceeding to charge the land in the hands of the wife with a trust for the satisfaction of the claims of the bank; a form of relief which cannot be afforded by the federal court in the present proceeding.

6. SAME—DESCENDIBLE ESTATE.

   An allegation that intestate at the time of his death was entitled to a vested remainder in fee of the residence place in which his widow, the defendant, has a life estate, is sufficient as an allegation of an estate in the intestate "which by law would descend to his heirs," within said section 1446, making the same liable for the payment of his debts.

At Law. A special proceeding by the plaintiff, as administrator, to obtain a license to sell the lands of his intestate to procure assets for the payment of debts, commenced in Catawba superior court, and removed to this court by nonresident defendants. Motion on the part of the

plaintiff to remand to state court. Motion on the part of defendants to dismiss the proceeding. Both motions denied.

*C. A. Cilley* and *Chas. Price*, for plaintiff.

*Burwell & Walker* and *F. W. Stevens*, for defendants.

DICK, District Judge. From an examination of the duly-certified transcript of the process, pleadings, papers, and record transmitted to this court by the clerk of the superior court of Catawba county, I find the following uncontroverted facts as to the condition of this case in the state court at the time of removal into this court: A special proceeding was commenced by the plaintiff against the defendants in said superior court before the clerk, by a summons duly issued on the 24th of April, 1891, notifying the defendants to appear within 20 days after the service of the summons, and answer the complaint to be filed in the clerk's office; and, if they failed to comply, the plaintiff would apply to the court for the relief demanded in the complaint. The complaint was filed on the 27th of April, 1891. As it appeared upon affidavit that the defendants were nonresidents of the state, constructive service of process was duly made under an order of publication. An answer was filed by Mrs. Shuler, one of the defendants, on June 24, 1891. On the same day a sufficient petition and bond was filed by Mrs. Shuler in the said superior court before the clerk, praying for the removal of this case to this court. The petition and bond were in conformity with the act of congress, and the clerk at once made an order for removal. From this order the plaintiff prayed an appeal to the superior court in term time; and at a subsequent term of said court the judge affirmed the order of the clerk, and made a further order of removal of this case to this court. A duly-certified transcript of the pleadings and proceedings in the said state court was filed in the office of the clerk of this court October 13, 1891. At the October term of this court, 1891, the counsel of plaintiff made a motion to remand to the state court, insisting that this court could not acquire jurisdiction of this case, as the removal statutes only applied to cases of such a nature as could be originally commenced in a federal court. This motion was overruled, with leave to the counsel of plaintiff to renew the motion at the next term. As the motion has been renewed at this term, I deem it proper to set forth my reasons for now affirming my former decision.

Congress has conferred upon the United States courts jurisdiction to hear and determine all cases and controversies of whatsoever nature that arise between citizens of different states, and authorized parties entitled by law to apply for the removal of such cases and controversies from state courts into the United States circuit courts, even in cases where the latter courts could not have original jurisdiction of such controversies. This privilege conferred by the removal statutes may be claimed as to all suits in state courts, whether of limited or general jurisdiction, and cannot be ousted or annulled by the statutes of states assuming to confer jurisdiction exclusively upon their own courts in matters of local administration. The superior court, before the clerk in which this spe-

cial proceeding was pending at the time the petition for removal was filed, was a court vested by law with judicial cognizance of the subject-matter and parties. This case certainly comes within the meaning of the act of congress providing for the removal of suits from state courts to the circuit courts of the United States. *Railway Co.* v. *Whitton,* 13 Wall. 270; *Gaines* v. *Fuentes,* 92 U. S. 10; *Hess* v. *Reynolds,* 113 U. S. 78, 5 Sup. Ct. Rep. 377; *Clark* v. *Bever,* 139 U. S. 103, 11 Sup. Ct. Rep. 468; *Marshall* v. *Holmes,* 141 U. S. 589, 12 Sup. Ct. Rep. 62.

The motion of the counsel of defendants to dismiss the case for the want of jurisdiction is more difficult to determine. I was at first surprised at such a motion, as the counsel making it had so ably and vigorously resisted the motion to remand; and it at once occurred to me that, if a motion to dismiss were allowed, the jurisdiction of both courts would be defeated, and the plaintiff would be deprived of the benefit of a suit which could not be instituted in any other court or in any other manner than it was begun. Upon the questions of law presented I heard with pleasure the arguments of counsel on both sides, and I have carefully considered their well-prepared briefs, and will now announce my opinion on the matter. The complaint of the plaintiff as administrator, setting forth the statements and facts required by the state statute (Code, § 1436[1]) and praying the court for a license to sell the bonds mentioned to make assets for the payment of the debts of his intestate, brought the case fully within the jurisdiction of the superior court, and gave that court judicial cognizance of the subject-matter, and authorized it to proceed to acquire jurisdiction over all parties interested in said lands. The state law conferred upon the plaintiff this right, which did not exist at the common law, and prescribed a specific mode of procedure to enforce it, and now that the case has been properly removed from the state court such right should be enforced in this court according to the state laws, as far as is consistent with the forms and modes of procedure observed and practiced in United States courts, so as to give effect to this state policy and laws. *Clark* v. *Smith,* 13 Pet. 195; *U. S.* v. *Ottman,* 1 Hughes, 313. In federal courts a special proceeding, like the one before us, is regarded as a proceeding *in rem,* in which sufficient representations in the petition filed call into exercise the jurisdiction of the court in which the case is instituted. *Grignon* v. *Astor,* 2 How. 319; *Florentine* v. *Barton,* 2 Wall. 210; *Mohr* v. *Manierre,* 101 U. S. 417. In the case of *Hudson* v. *Coble,* 97 N. C. 260, 1 S. E. Rep. 688, the supreme court of this state announces the doctrine that "a proceeding to sell lands for assets to pay the debts of a decedent is essentially equitable, and the court has all the power of a court of equity to accomplish the purpose." This doctrine may be applicable in the superior court of this state, which can ascertain, adjust, and determine legal and equitable rights and principles in the same civil action or spe-

---

[1] Code N. C. § 1436, provides that, "when the personal estate of a decedent is insufficient to pay all his debts, including the charges of administration, the executor, administrator, or collector may, at any time after the grant of letters, apply to the superior court of the county where the land, or some part thereof, is situated, by petition, to sell the real property for the payment of the debts of such decedent."

cial proceeding; but this principle cannot be fully applied in federal courts, in which legal and equitable jurisdiction cannot be blended in the administration of justice. The principle is well settled that the chancery jurisdiction of federal courts is not affected by state laws creating special jurisdictions. The chancery powers of federal courts are uniform everywhere in the Union, and are independent of state laws, which cannot restrict, enlarge, or in any way materially modify the equitable jurisdiction of such courts. As a general rule, the equitable jurisdiction of the courts of the United States can only be exercised in the mode and manner of proceeding well established and observed by courts of equity in enforcing and administering the rights of parties to suits.

As the case now before us is founded upon a new right and remedy granted the plaintiff by a state statute, and does not come within some of the recognized heads of equitable jurisdiction, we think the remedy of the plaintiff is at law, and the case must be placed on the law docket of this court. *Von Norden* v. *Morton*, 99 U. S. 378; *Searl* v. *School-Dist.*, 124 U. S. 197, 8 Sup. Ct. Rep. 460. The removal of this case does not divest the plaintiff of any of the substantial rights vested in him by the state law, or deprive him of the benefit of the special proceeding by which he sought to enforce them in the state court in the manner and form provided by the state statute. The superior court before the clerk, and the superior court before the judge, are co-operating departments of one and the same court. *Brittain* v. *Mull*, 91 N. C. 498. On the removal of the case the entire jurisdiction of the superior court was transferred to this court, which can now proceed to administer the state laws, and ascertain and adjust the legal rights of the parties as fully and completely as could have been done in the state court of original jurisdiction. *Duncan* v. *Gegan*, 101 U. S. 810. This assertion of jurisdiction certainly cannot be complained of by the defendant. The state court had acquired rightful jurisdiction over her personally and over the subject-matter, and had authority to determine the case on its merits. On her petition and prayer the case was removed, and she only acquired the right to have the case heard and tried on its merits in this court of her own selection. By her voluntary act she waived all questions pertaining to the jurisdiction of the court, except the total absence of jurisdiction. When there is a total absence of jurisdiction of the subject-matter a federal court *sua sponte* or on motion of a party at any time will dismiss or remand a case removed from a state court. In Fost. Fed. Pr. § 391, I find the following announcement of a legal principle which is well sustained by the cases cited in note:

"Wherever there is a total absence of jurisdiction over the subject-matter in the state court, so that it had no power to entertain the suit in which the controversy was sought to be litigated in its then existing or any other form, there can be no jurisdiction in the federal court to entertain it on removal, although in some other form it would have plenary jurisdiction over the case made between the parties."

The counsel of defendants insisted with confident earnestness and much force of argument that the complaint of plaintiff in paragraphs 5, 6, and 7, makes representations that show that the lands alleged to have been purchased by intestate with trust funds, and caused to be conveyed to his wife in fraud of creditors, do not come within the provisions of the statute under which this proceeding was instituted, (Code, § 1446,[1]) as the intestate never acquired any legal or equitable estate in the same. This position seems to be well sustained by the cases cited in brief: *Rhem* v. *Tull*, 13 Ired. (N. C.) 57; *Greer* v. *Cagle*, 84 N. C. 385. They further insisted that the complaint of plaintiff alleges affirmatively that the money used in the purchase of all the lands mentioned was a trust fund belonging to the depositors of the bank of which the intestate was cashier, and if there is any right or cause of action it is an equitable right to follow the fund so obstructed, and subject the land to payment, and that such equitable right can only be enforced by the depositors in a court of equitable jurisdiction, and that relief cannot be afforded in this court in the present form of procedure. I am strongly inclined to the opinion that this position is well taken, and is sustained by the authorities cited in brief: *King* v. *Weeks*, 70 N. C. 372; *Bank* v. *Simonton*, 86 N. C. 187.

I will not even intimate an opinion as to the force and effect of the matter of estoppel set up in the answer, as the question was not discussed on the argument, and no reference is made to it in the brief of the counsel of plaintiff.

The complaint of plaintiff in paragraph 4 represents that his intestate at the time of his death was entitled to a vested remainder in fee of the highly improved and valuable "residence place" in which his widow— the defendant Mrs. Shuler—has a life estate. This representation of a legal estate in the intestate at the time of his death, which descended to his heirs at law, comes clearly within the provisions of the statute, (Code, § 1446,) and gave jurisdiction to the state court to proceed against such estate to subject it to the payment of the debts of the intestate.

The question of jurisdiction is the only one now before me for decision. I will reserve the other questions presented in the pleadings, arguments, and briefs for determination at the final hearing of the cause. The motion to remand and the motion to dismiss are both disallowed.

[1] Code N. C. § 1446, provides that "the real estate subject to sale under this chapter shall include all the deceased may have conveyed with intent to defraud his creditors, and all rights of entry and rights of action, and all other rights and interests in lands, tenements, and hereditaments, which he may devise, or by law would descend, to his heirs."