JOHN W. CRAWFORD, EXECUTOR, ET AL., v. R. R. ALLEN ET AL.

(Filed 27 October. 1920.)

**Actions—Venue—Estates—Contingent Interests— Sales— Statutes— Dismissal.**

> Where lands affected with contingent interests are ordered sold by the court under the provisions of Rev., 1590, the court will afford a complete remedy in the proceeding against one buying under its decree, upon motion in the cause, and where the purchaser does not comply with the terms of sale upon the ground of defective title, an independent action, brought in a different county to compel him to do so, will be dismissed by the court *ex mero motu*, and the independent action, having been brought in another county, cannot be treated as a motion in the original cause. This is especially true in proceedings of this character, where the court, under the provisions of the statute, directs the investment of the funds. Ch. 259, Laws 1919. *Semble*, under the facts of this case the purchaser would acquire a good title to the *locus in quo* upon paying the purchase price as the law directs.

APPEAL by defendants from *Kerr, J.,* at chambers, 17 September, 1920, from WAKE.

This is a controversy without action to recover the purchase price of certain lots of land situate in Raleigh, bought by the defendant Allen at a judicial sale.

There was judgment in favor of the plaintiffs, and the defendants excepted and appealed.

*Robert C. Strong for plaintiff.*
*J. S. Manning and Little & Barnes for defendant.*

ALLEN, J. This is a controversy without action in the Superior Court of Wake County to recover the amount bid by the defendant Allen for two lots situate in the city of Raleigh.

The bid was made in a proceeding in Harnett County under section 1590 of the Revisal, which authorizes a sale of contingent interests in land, and the proceeding in which the sale was made is now pending

in the Superior Court of Harnett, the last clause in the decree accepting the bid being, "and this cause is retained for further order."

Under these conditions it is clear that the present proceeding cannot be maintained, if the same relief can be had in the proceeding in Harnett County. as "Numerous adjudications have established the general proposition that where relief can be had in a pending cause, it must be there sought. *Murrill v. Murrill,* 84 N. C., 182, and many other cases." *Hudson v. Coble,* 97 N. C., 263.

The authorities are also uniform that a court of general jurisdiction, ordering a sale of land, can and will afford a complete remedy in the proceeding against one buying under its decree.

In *Marsh v. Nimocks,* 122 N. C., 478, in which an independent action was brought to recover the price bid at a judicial sale, the Court says: "The action must be dismissed. In a proceeding to sell land for assets the court of equity has all the powers necessary to accomplish its purpose, and when relief can be given in the pending action it must be done by a motion in the cause, and not by an independent action. The latter is allowed only where the matter has been closed by a final judgment. If the purchaser fails to comply with his bid, the remedy is by motion in the cause to show cause, etc., and if this mode be not pursued, and a new action is brought, the court *ex mero motu* will dismiss it. This course is adopted to avoid the multiplicity of suits, avoid delay, and save costs. *Hudson v. Coble,* 97 N. C., 260; *Petillo ex parte,* 80 N. C., 50; *Mason v. Miles,* 63 N. C., 564, and numerous cases cited in them."

This case was approved in *Wooten v. Cunningham,* 171 N. C., 126, the Court declaring in the latter case that, "When the bid is accepted, whether it was made at public or private sale, the court has jurisdiction over the purchaser for the purpose of enforcing compliance with it."

It is of special importance that this principle be observed in the sale of contingent interests in land as the court approving the sale is, under certain conditions, required to compel the officer receiving the purchase-money to give bond (ch. 259, Laws 1919), and, "The decree must provide for the investment of the fund in such way as the court may deem best for the protection of all persons who have or may have remote or contingent interests" (*Smith v. Witter,* 174 N. C., 620), and these duties cannot be properly or orderly performed if the purchase-money is under the control of a court of another county.

This proceeding, "having been brought in another county, cannot be treated as a motion in the cause" (*Rosenthal v. Robertson,* 114 N. C., 597), and as it plainly appears that the plaintiffs. have a complete remedy in the proceeding in Harnett County, it must be dismissed.

If the question was properly presented for decision, we would hold the title of the purchaser to be good upon the payment of the purchase

price into court, or to an officer authorized to receive it, as it appears that all persons having an interest in the land, vested or contingent, are parties to the proceeding in Harnett County, and are bound by the decree, and "So far as the purchaser is concerned, the statute having given the power of sale, and all the parties in interest being before the court, there is no reason why a good title cannot be conveyed to him and he is in no way charged with the duty of seeing that the purchase-money is properly distributed. When a purchaser has paid his bid into court, or to the officers duly authorized to receive it, he is quit of all further obligation concerning it." *Pendleton v. Williams,* 175 N. C., 254, approved in *Dawson v. Wood,* 177 N. C., 164.

It would have been advisable to institute the proceedings for sale of the contingent interests in Wake County, where the land is situate, but this does not affect the title, as jurisdiction is conferred by the statute upon the Superior Court for the sale of such interests and no objection has been made to the hearing in Harnett County.

This controversy without action is

Dismissed.