C. L. DUNBAR v. BOARD OF COMMISSIONERS OF ALBEMARLE DRAIN-AGE DISTRICT, AND ALBEMARLE DRAINAGE DISTRICT.

(Filed 19 March, 1930.)

1. **Abatement and Revival B b—Where relief sought could not be obtained in prior pending action, subsequent action is not abated thereby.**

   The pendency of an action, brought by a drainage district and the present plaintiff as a landowner in such district against another drainage district wherein it was adjudged that the defendant district had the right to empty its overflow of waters into a certain canal upon its maintenance of temporary dams and subsequent erection of permanent dams to prevent the overflow of water on the lands in the plaintiff district, is not a bar to the present action brought to recover damages from the overflow of waters caused by the defendant's negligent failure to maintain the temporary dams in accordance with the judgment, the present cause of action having arisen since the institution of the prior action, and the relief sought being unobtainable therein.

2. **Drainage Districts C a—In this case held: instruction as to district's liability for failing to maintain dams was correct.**

   Where in an action against a drainage district the evidence discloses that in a prior action the district was ordered to maintain certain temporary dams until permanent dams could be erected in order to prevent the overflow of waters from a canal, and that such temporary dams were washed away, causing injury to the plaintiff's land from overflow water, an instruction to the jury that the defendant's liability was to be determined by their finding from the evidence whether or not defendant was negligent in failing to restore and maintain the temporary dams pending the erection of permanent dams, as required by the former judgment, is not error.

APPEAL by defendants from *Devin, J.,* at July Term, 1929, of WASH-INGTON. No error.

This is an action to recover damages for injuries to plaintiff's land and crops, caused by the flooding of said land by water which flowed thereon from the defendant drainage district.

Plaintiff's land is located within the boundaries of Pungo River Drainage District, which lies between the defendant drainage district and the Pungo River. Prior to the organization of the defendant drainage district, the Pungo River Canal had been constructed as a part of the drainage system of the Pungo River Drainage District. The defendant drainage district, after its organization, had cut into the Pungo River Canal, for the purpose of draining water from said district into said canal and thence into Pungo River. By reason of the construction of the drainage system of the defendant, the volume of water flowing into said Pungo River Canal was greatly increased, causing said water to overflow upon the land of the plaintiff, which is included within the boundaries of the Pungo River Drainage District.

Prior to the commencement of this action in the Superior Court of Washington County, an action was instituted in the Superior Court of Beaufort County, entitled "Board of Drainage Commissioners of Pungo River District, C. L. Dunbar *et al.,* Landowners of said District, *v.* Board of Drainage Commissioners of Albemarle Drainage District"; at May Term, 1922, of the Superior Court of Beaufort County, a judgment was rendered in said action, adjudging that the defendant, Albemarle Drainage District, has the right to drain water from lands included in said district into Pungo River Canal, and thence into Pungo River, provided the volume of water so drained shall not exceed the volume which naturally drained therein prior to the establishment of said drainage district. In said judgment it was ordered that the defendant erect and maintain at the head of Pungo River Canal such dams as will prevent any greater quantity of water flowing into said canal from the lands in said district, than flowed therein prior to the creation of said Albemarle Drainage District; engineers were appointed by the court to determine the size and kind of dams required for that purpose. It was further ordered by the court that pending the report of said engineers, the temporary dams already erected by the defendant drainage district shall be maintained by it, for the protection of the lands included within the boundaries of the Pungo River Drainage District from waters drained into Pungo River Canal from the Albemarle Drainage District. The engineers appointed in the judgment have not acted, and no permanent dams have been erected by the defendant in accordance with the provisions of said judgment. From the date of said judgment, until 15 July, 1924, the temporary dams referred to in said judgment were maintained by defendant, but on or about said date, the said temporary dams were washed out, and since said date, defendant has wrongfully, carelessly and negligently, as alleged in the complaint, failed to restore the same or to erect permanent dams of the kind and character referred to in and required by said judgment. As the result of defendant's negli-

gent failure to restore said temporary dams or to erect permanent dams, water flowing from defendant drainage district into the Pungo River Canal, in greater volume than prior to the creation of the defendant drainage district, has overflowed from said canal upon the land of plaintiff, thereby causing plaintiff damages resulting from injuries to his land and to his crops.

Defendants denied the material allegations of the complaint. After the pleadings were read at the trial, defendants moved that this action be dismissed, for that the action instituted by plaintiff and other landowners in Pungo River Drainage District against Albemarle Drainage District in the Superior Court of Beaufort County, is still pending, and plaintiff is therefore not entitled to maintain an independent action for relief upon the facts alleged in his complaint. This motion was denied, and defendant excepted.

The issues submitted to the jury were answered as follows:

"1. Were the lands and crops of the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. What damage, if any, is plaintiff entitled to recover therefor? Answer: $4,500."

From judgment that plaintiff recover of defendant the sum of $4,500, together with the costs of this action, defendant appealed to the Supreme Court.

*Ehringhaus & Hall and McMullan & LeRoy for plaintiff.*
*W. L. Whitley and McLean & Rodman for defendant.*

CONNOR, J. There was no error in the refusal of the trial court to dismiss this action, on motion of defendant, for that the action instituted in the Superior Court of Beaufort County, wherein the plaintiff and the defendants in this action are parties, is still pending. The pleadings in that action do not appear on the record in this action. The judgment in that action, however, which does appear on the record in this action, purports to be and is final and conclusive of the rights of the parties thereto with respect to all the matters involved therein. The purpose of that action, as appears from the judgment, was to have an adjudication of the rights of the parties thereto with respect to the use of Pungo River Canal for drainage of waters from the Albemarle Drainage District into Pungo River. It does not appear that the plaintiffs therein, including the plaintiff in this action, had alleged any facts in their pleadings upon which they or either of them demanded judgment for damages. It does not appear that at the date of the commencement of said action, or at the date of the rendition of the judgment therein, any of the plaintiffs had suffered any damages caused by the wrongful acts of defendant drainage district. The cause of action alleged in the complaint in this

action has arisen since the rendition of the judgment in that action. Upon this cause of action, plaintiff alone is entitled to recover, whereas upon the cause of action on which judgment was rendered in the action pending in the Superior Court of Beaufort County, only the plaintiff therein, Pungo River Drainage District, was entitled to recover. The owners of land included in said district were not necessary, even if proper parties. Plaintiff could not have the relief in the action pending in Beaufort County, which he is seeking in this action. He can, therefore, maintain an independent action for such relief. In *Crawford v. Allen,* 180 N. C., 245, 104 S. E., 468, quoting from *Hudson v. Coble,* 97 N. C., 263, 1 S. E., 841, it is said: "Numerous adjudications have established the general proposition that when relief can be had in a pending cause, it must be there sought. *Murrill v. Murrill,* 84 N. C., 182, and many other cases." Where, however, the relief sought cannot be had in a pending cause, the plaintiff, although both he and the defendants are parties to such cause, may maintain an independent action for such relief. Defendant's first assignment of error based upon exceptions to the refusal of the court to dismiss the action, or to nonsuit the plaintiff, at the close of all the evidence, is not sustained.

Nor can the other assignments of error, based upon exceptions to instructions of the court to the jury, be sustained.

The jury was properly instructed by the court that defendants' liability to plaintiff in this action, was to be determined, primarily, by their finding from the evidence whether or not defendant was negligent in failing to restore and maintain the temporary dams, pending the erection of the permanent dams, as required by the judgment in the action instituted in Beaufort County. The jury was not instructed that defendant was liable as an insurer, for damages sustained by plaintiff.

We find no error in the charge. The judgment is affirmed.

No error.