## BEENE'S ADM'R *vs.* PHILLIPS, GOLDSBY & BLEVINS.

[CONTEST BETWEEN CREDITOR AND ADMINISTRATOR OF INSOLVENT ESTATE.]

1. *What constitutes sufficient filing of claim.*—A claim against an insolvent estate, or the affidavit verifying it, must be regarded as *filed*, within the meaning of the statute, (Code, § 1847,) when it is delivered to the probate judge, or to his acting clerk, in his office, to be placed and kept on file; but merely placing it in the office, not with the proper file of papers belonging to the estate, and without bringing it to the notice of the judge or his clerk, is not a sufficient filing.

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Benjamin Y. Beene, deceased, which was declared insolvent on the 12th April, 1858; and against which the appellees filed a claim, on the

22d November, 1858. The administrator filed a written objection to the allowance of this claim, "on the ground that the same had not been verified in the time and manner required by law;" and an issue was formed on this objection. On the trial, as appears from the bill of exceptions, the plaintiffs produced an affidavit of the justice and non-payment of their claim, made before a justice of the peace, on the 16th December, 1858 ; and proved by one Roberts, who was the acting clerk in the office of the probate judge, "that some time after the time for filing claims against said estate had expired, to-wit, after the lapse of nine months from the declaration of insolvency, plaintiffs' attorney came into the office of the probate judge, and requested witness to look and see whether there was any affidavit to said, claim ; that they both looked in a box, in which all claims against insolvent estates were kept, and said attorney there found the affidavit above mentioned, but not in the file of. papers belonging to said estate; and that he (witness) had never before seen said affidavit. Said affidavit was not marked *filed*; nor was there any evidence that the attention of the probate judge, or of any one acting for him, had ever been called to it; nor was any other evidence offered in relation to the filing of said affidavit, or the verification of said claim. This being all the evidence, the court overruled the objection of the administrator, and allowed said claim ; to which said administrator excepted," and which he now, assigns as error.

WHITE &·PORTIS, for appellant.
JAMES Q. SMITH, and JNO. T. MORGAN; *contra.*

STONE, J.—A claim and its verification, delivered to the judge of probate, or to his acting clerk, in his office, to be placed and kept on file, must be regarded as "filed" within the meaning of section 1847 of the Code. Merely placing such paper in the office, not with the proper file of papers belonging to the particular estate, and without bringing such paper to the notice of the judge or his clerk, would not be a filing within the spirit of the statute.

The evidence before the probate court, without more, does not prove that the affidavit verifying the claim in this case, was *filed* in the office of the probate court within the time allowed by law.

Reversed and remanded.