# OWENS et al., Administrators, vs. CALLAWAY.

[BREACH OF CONTRACT.]

1. *Bill of exceptions; charge of court on the evidence.*—Where the court below charges the jury, "that if they believe the evidence, they should find for the defendant"; and the bill of exceptions does not set out all the evidence, this court will not reverse.

APPEAL from the City Court of Montgomery.
Tried before Hon. T. M. ARRINGTON.

The plaintiffs below sued the defendant (appellee) for the breach of a contract, made with their intestate, for the delivery of a quantity of corn, in the year 1862. After the testimony had closed, the plaintiffs were compelled to take a *non-suit* in consequence of the ruling of the court; and appealed to this court.

The only question of law raised and decided in the case, will sufficiently appear from the opinion, and the response of the court to an application for a re-hearing on the part of appellants.

MARTIN & SAYRE, for appellants.
WATTS & TROY, *contra*.

A. J. WALKER, C. J.—The only error imputed to the court below is, the charge that "if the jury believe the evidence they should find for the defendant." All the evidence not being set out in the bill of exceptions, we can not revise the ruling of the court below.

Affirmed.

JUDGE, J., not sitting.

BYRD, J.—In response to the application for a re-hearing in this cause, after giving the argument in support of it a careful examination, we will say that, in our opinion,

the authorities cited and relied on by counsel, are not at variance with the conclusion heretofore announced. It is evident that the bill of exceptions does not set out all the testimony and proof offered on the trial; and in several instances, instead of setting out the evidence, it states that "proof was offered" which *tended* to show certain things material to the issue. As such proof or evidence is not set out, we are unable to say, and cannot presume, that it established the truth of the things or matters which it *tended* to prove. If we were to resort to presumptions, the adjudications of this court would require us to presume that they were not proven to the satisfaction of the court. We cannot, therefore, see that the court erred in the charge given. Such a charge is authorized by the Code, when requested by the party in whose favor it is given; and we will presume that it was given upon the request of such party, where the record does not disclose whether it was so requested or not.—*English v. McMair*, 34 Ala. 40.

The distinction which is established by a series of decisions of this court, between a general charge, such as this, and a special one, may be thus laid down : When a general affirmative charge is given, upon the effect of evidence, where there is no conflict on any material point, and it is excepted to, the party excepting must set out all the evidence, in order to avail himself of an exception to the correctness of the charge.—*Buffington v. Cook*, 37 Ala. 312 ; *Doe, ex dem. v. Godwin*, 30 Ala. 243; *Fleming v. Ussey*, ib. 283.

But in the case of a special charge, all that is required is, that the party set out enough evidence to show that the charge given or refused, was not abstract, and that it was or was not erroneous when construed, with reference to such evidence ; or, if no evidence is set out, that it contains any such construction in conflict with the legal principle, or not in conflict therewith, and pertinent to the matter in controversy, as shown by the pleadings; then, in either case, it would be an error which would authorize a reversal.—*Sackett et al. v. McCord*, 23 Ala. 854 ; *Moore v. Clay*, 24 ib. 237 ; *Hines et ux v. Trantham*, 27 ib. 361; and

other cases cited in application for a re-hearing in this case ; *McLemore v. Nuckles*, 37 ib. 662.

We do not intend to intimate that .a general affirmative charge given by the court might not be a reversable error, where the evidence set out shows a clear case of conflict therein, although all the evidence is not set out in the bill of exceptions.

But in this case, it does not appear that any evidence was offered on the part of the appellee, and there is no conflict on any material point.

Application overruled.