CROWLEY v. SOUTHERN RY. CO. et al.

(Circuit Court, N. D. Alabama, S. D. August 11, 1905.)

**1. REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT.**

A federal court cannot acquire jurisdiction by removal of proceedings instituted in what was supposed to be a state court, but which was subsequently determined by the Supreme Court of the state to have no legal existence.

**2. SAME—SUIT PENDING—INVALIDITY OF ACT CREATING STATE COURT.**

The Legislature of Alabama passed an act to create the Southern judicial division of St. Clair county, to require a circuit court to be held at Pell City in said division, and authorizing the clerk of the circuit court for said county to appoint a deputy and to maintain an office at Pell City. He established such office and appointed a deputy, who was placed in charge; the clerk himself remaining at his office in Ashville, the county seat. Plaintiff filed a complaint with the deputy at Pell City, who issued a summons thereon, which was served on defendants. They appeared, and filed a petition for a removal, which was ordered by the circuit judge. None of such papers were filed in the office of the clerk at Ashville. Subsequently, after the parties had appeared in the federal court, the Supreme Court of the state decided that the act purporting to create such court was unconstitutional and void. The laws of the state provide that, to institute a suit in any court of the state, summons and complaint must be filed in the office of the clerk at the place where the law requires him to keep his office. *Held*, that there was no "suit" pending in a state court which could be removed under the federal statute, nor could the federal court acquire jurisdiction by reason of any waiver or delay on the part of defendants in making objection on that ground, and that the proceeding must be dismissed.

## On Motion to Dismiss.

Motion is made to dismiss the suit upon the following state of facts: On the 17th day of February, 1903, an act of the Legislature of Alabama was approved, "to carry into effect the provisions of ordinance No. 390 of the constitutional convention of 1901, to establish a courthouse and jail at some point to be designated at an election by the people of St. Clair county," etc. Laws 1903, p. 28. This act provided that certain parts of St. Clair county should constitute the Southern judicial division of St. Clair county, and required that a circuit court for said judicial division of the circuit court should be held at Pell City, Ala., twice in each year. Other parts of the county constituted the Northern division, and the act required courts for it to be held at Ashville. Prior laws provided for the holding of the circuit court of St. Clair county at one place only, which was Ashville, the county seat. After making provision for drawing and summoning juries therein, and other matters, the act contains the following provisions as to the duties of the clerk of the circuit court, and the deputy he is authorized to appoint:

"Sec. 8. That it shall be the duty of the clerk of the circuit court in the issue of all process for the Southern judicial division of the county, to make the same returnable at his office at the courthouse in Pell City, in said county of St. Clair, and as provided by law in cases of the return of process in the circuit courts of this state."

"Sec. 9. That it shall be the duty of the clerk of the circuit court of St. Clair county to make out and keep after the passage of this act, in his office at the courthouse in Pell City, all proper and necessary dockets, minutes, or court proceedings and all other books, papers, and records now required by law to be kept in the office of the circuit court, for the Southern judicial division of St. Clair county for use therein."

"Sec. 10. That it shall be the duty of the clerk of the circuit court of St. Clair county to keep an office in the courthouse at Ashville and Pell City, and to keep a deputy clerk at one of the offices, and it shall be optional with the clerk as to which of the offices he places the deputy, for the transaction of all business that may come before such clerk in said Southern or Northern judicial division of the county of St. Clair. The said deputy clerk shall have authority to issue all process returnable to the circuit court of said county, and to do and perform all acts in regard to the business of the division in which he is placed, in the name of the clerk, and in the same manner, and to the same extent, the circuit clerk could do if personally present, and for all official acts of such deputy circuit clerk the circuit clerk shall be liable on his official bond."

Under authority of this act, Hood, the circuit clerk, appointed Victor H. Smith deputy clerk at Pell City. On June 12, 1903, W. A. Crowley brought suit against the Seaboard Air Line Railway Company, the Southern Railway Company, and the Northern Alabama Coal, Iron & Railway Company, claiming $10,000 damages for personal injuries received in an explosion of dynamite and powder, which defendants negligently stored and kept in their warehouse at Pell City. The summons and complaint were delivered by the plaintiff's attorney to Smith at Pell City. He signed the circuit clerk's name to the summons, which required the defendants "to appear at the next term of the circuit court to be held for the Southern division of St. Clair county, at Pell City, the place of holding the same, then and there to answer the complaint of W. A. Crowley." The summons and a copy of the complaint were delivered to the sheriff, who served them upon the defendants on June 18, 1903. On the 7th of July, 1903, the defendants filed their petition, with bond, for the removal of the cause to this court on the ground of diverse citizenship. The circuit court sitting at Pell City, on the 9th of July, 1903, approved the bond and made the order of removal. The record was filed in this court on the 7th of October, 1903. By an amendment to the complaint, filed in this court February 18, 1905, the Northern Alabama Coal, Iron & Railway Company was dismissed from the suit. The Seaboard Air Line Railway Company filed its plea of not guilty to the original complaint November 2, 1903. No plea was filed by the Southern Railway Company. The case, owing to the crowded condition of the common-law docket, was not reached for trial until the spring term, 1905, having been continued generally at prior terms. On the 17th of May, 1905, the Southern Railway Company, "appearing specially for the purpose," filed a written motion that the court dismiss the suit out of this court, on the ground that the Supreme Court of Alabama, by a judgment rendered February 16, 1905, had decided that the ordinance of the constitutional convention and the act to carry it into effect were null and void, and that therefore this court has no jurisdiction to hear and determine the suit. It was shown that the papers in the case had never been filed in the clerk's office at Ashville, and that they remained all the while at the clerk's office at Pell City, Ala. The Seaboard Air Line Railway Company made a like motion orally.

F. L. Blackmon and John P. Tillman, for the motion.

A. A. Evans, opposed.

JONES, District Judge (after stating the facts). The decision of the Supreme Court of Alabama, in Ex parte Birmingham & Atlantic Railway Company, 42 South. 118, declaring the act unconstitutional which sought to establish the Southern judicial division of the circuit court of St. Clair county at Pell City, is conclusive,

in this court, that no circuit court of St. Clair county was ever author-
ized to be held at Pell City.   Everything attempted to be done under
that act at Pell City is a mere nullity.   That decision also establishes
that there was no such office as that of deputy clerk of the circuit court
of St. Clair county at Pell City.   What Smith did under that
act cannot be upheld as the acts of a de facto officer, because there
never was any de jure office of deputy clerk of the circuit court
of St. Clair county at Pell City.   Norton v. Shelby County, 118
U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178.   Besides, if it could be
admitted that Smith was deputy clerk of the legal court of St. Clair
county, his acts in the premises at Pell City would be entirely in-
effective to institute a suit in the circuit court of St. Clair, since the
summons and complaint have never been in the clerk's office of that
court, or in any wise brought to its attention or acted on by it.
Under the laws of Alabama, no suit at law is instituted or com-
menced in any court of the state unless the summons and com-
plaint are filed in the office of the clerk of the court in which the
suit is sought to be instituted, at the place where the law requires
the clerk to keep his office.

The act constituting the Southern division of the circuit court of
St. Clair county at Pell City being unconstitutional, there was no
authority for filing the summons and complaint with Smith or any-
body else at Pell City.   The issue of the summons to appear be-
fore a court or at a time not authorized by law was a nullity, and
so was the service of the summons.   What was done in this matter
at Pell City was as ineffectual to institute a suit in the real cir-
cuit court of St. Clair county as if the plaintiff had filed the sum-
mons and complaint with some merchant at Pell City and pro-
cured him to hand them to the defendants.   Schulte v. First Na-
tional Bank (Minn.) 24 N. W. 320; Cohen v. Figgins, 1 Ill. 19;
State ex rel. Henderson v. Boone County, 50 Mo. 317, 11 Am. Rep.
415; Beene's Adm'r v. Phillips, 37 Ala. 312; Garlick v. Sangster,
9 Bingham, 40.

It is insisted that this suit could have been brought originally in
this court, and therefore the parties could waive the manner of its
getting here; that the parties, by appearing at Pell City, obtaining
the order of the tribunal there for removal, and afterwards appear-
ing here and treating the case as properly removed and pending in
this court for several terms, without objection of any kind, are
not now in position to question the jurisdiction of this court; and
that they have waived the manner in which the case has gotten
here, which, it is urged, is the only ground upon which objection
to the jurisdiction of this court, can now be rested.   This argu-
ment overlooks the fact that the objection here goes to the jurisdic-
tion of this court over the subject-matter, which waiver or consent
of the parties cannot confer, when the law has not given it.   The
jurisdiction to remove a case from a state court to this court, and
of this court to try it after it is removed, depends upon the statutes
of the United States.   They give the court jurisdiction only of
"suits" pending in a state court.   The existence of a "suit" in a

state court is an indispensable element of the jurisdiction, and when that is wanting there is no jurisdiction in the federal court over any proceeding removed from a tribunal which is not a court. Upshur v. Rich, 135 U. S. 467, 10 Sup. Ct. 651, 34 L. Ed. 196. The defendants, by appearing at Pell City and obtaining an order of removal by that tribunal, could not create a court, or make a suit of that which was not a suit, since it was not pending in a court; neither did they waive any right to object to its jurisdiction when the proceedings were removed here. That result would not have been worked by their appearance there, if the Pell City tribunal had been a lawful court of the state, instead of a mere illegal assemblage of court officers, without any authority of law. Wabash Western Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. This court has no jurisdiction of these removed proceedings, because the body whose proceedings were removed here could never acquire jurisdiction in any event whatever. That body having no jurisdiction in the beginning, and being powerless ever to obtain any, this court could not get jurisdiction of a "suit" by removing its proceedings here. Fidelity Trust Co. v. Gill Car Co. (C. C.) 25 Fed. 737; Elliott v. Shuler (C. C.) 50 Fed. 454; Swift v. Railroad Co. (C. C.) 58 Fed. 858. The objection raised by defendants goes to the jurisdiction of the subject-matter, and waiver or consent of parties cannot give that. Besides, the failure of defendants to earlier bring forward their objection, if that could work a waiver of the trouble here, can hardly be deemed a waiver, when objection was made at the earliest opportunity, after the decision of the Supreme Court of Alabama that the Pell City tribunal was never a court of the state. Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249. Moreover, it is the duty of the court, when, its lack of jurisdiction of the subject-matter is made known, howsoever that information comes to it, to decline to further entertain the case.

This is a hard case upon the plaintiff. His right of action is now barred by the statute of limitations, without any fault upon his part, in consequence of his suing in a tribunal which a decision of the Supreme Court of the state, made after the proceedings were removed here, has declared never to have been a court. This court has struggled to find some way, consistent with legal principles, to relieve the plaintiff, but can find none. The proceedings cannot be remanded to the circuit court at Pell City, because there is not and never has been any such court. They cannot be remanded to the circuit court of St. Clair county, because the suit has never been instituted or pending in that court. The case must, therefore, be stricken from the docket.