ELIZA R. DEPRIEST v. J. L. PATTERSON, Executor.

*Findings of Fact by the Supreme Court—Scale.*

1. *Quære,* whether the Supreme Court can review the findings of fact made by the
   Judge below, in an action against an executor for an account and settlement
   of the estate of his testator.
2. Where an executor sold property of his testator in July, 1863, on nine months
   credit, he is liable for the scaled value of the money for which it sold, at the
   time of the sale and not at the expiration of the time of credit.

CIVIL ACTION, heard before *Gilmer, Judge,* at August Term,
1884, of IREDELL Superior Court.

Both parties appealed from the judgment of the court below.

*Mr. D. M. Furches,* for the plaintiff.
*Messrs. Robbins & Long,* for the defendant.

SMITH, C. J.   This action, begun November, 1879, is for an
account and settlement of the estate of James Patterson, who
died in the year 1858, and left a will appointing the defendant,
his son, executor, and to recover the share of the *feme* plaintiff,
his daughter, therein.

In pursuance of an order of reference to Richard A. McLaugh-
lin, commissioner, he stated and reported to Spring Term, 1883,
of Iredell Superior Court, the administration account, together
with the evidence and his findings of facts and law, from which
it appears that the executor is chargeable with the sum of one
thousand three hundred and ninety-seven dollars and eighty-
seven cents, including interest computed to the 12th day of
February, 1883.   To this report the defendant filed eleven
exceptions, of which three were allowed, and from the judgment
sustaining those numbered respectively one and eight the plain-
tiffs appeal to this court.

(1) The first of the sustained exceptions is to the commis-
sioner's refusal to credit the defendant with the sum of $370,

for which he produced and had no voucher, but the *feme* plaintiff, in her deposition, admits to have been received by her from the executor in the year 1860, consisting of $200 in money, a horse worth $125 and a wagon of the value of $45.

The fact that this amount was paid in the manner mentioned and at the time specified is not controverted, and is so found by the commissioner, but, in his opinion, it is absorbed by, and forms part of, a receipt given about the same date by the plaintiffs, who jointly sign for $600, and this opinion he fortifies by a course of reasoning set out in the report. The judge did not concur in this view, and gave the defendant the excluded credit also.

The question is one of fact, whether the admitted payment enters into the larger sum, or is omitted from the account; and if the finding of the court below is not conclusive in this, it is fully warranted by the evidence.

The receipt is in this form:

$600.                          STATE OF NORTH CAROLINA,
                                    IREDELL COUNTY.

Received of James L. Patterson six hundred dollars in full for an interest in two negroes, Margaret and William, that we have sold to him.   October 29th, 1860.

                                    P. R. DEPRIEST,
                                    ELIZA R. DEPRIEST.

The slaves seem, from the report, to have been sold in December, 1859, by the executor, for $2,400, to one-fourth of which sum the *feme* plaintiff was entitled, and her husband could take, by marital right as the law then was, and hence, both united in the acknowledgment. This was an independent transaction of the defendants, and the form of the receipt indicates that it was so treated.

At least no such connection is shown as to authorize the inference that the smaller constitutes a part of the larger payment.

DEPRIEST *v.* PATTERSON.

The omission to enter this item in the statement prepared by Mr. Cowles, so much relied on, that the parties agreed not to go outside the claims due the estate therein enumerated to charge the executors with others, as a circumstance militating against this additional credit, is explained in the simple statement that the account was made up on writings placed in his hands, and there being no evidence of this, it was not entered. But this omission cannot prevail against positive proof, which the commissioner finds sufficient to establish the fact that the payment was made, and in the manner mentioned.

The exception numbered eight is in these words:

"For that the commissioner erred in holding the defendant bound to account in good money for the sum received in 1864 in Confederate money, as the proceeds of the second sale of property made by the defendant at the date, July 25, 1863, on nine months' credit, charging the defendant with $289.12 principal and interest on this item, when he should only be charged with the scale of said sum as of date, April 25th, 1864."

The Court ruled that the executor was responsible for the scaled value of the money at the time of the sale, and not at the expiration of the credit, and in this we concur. The property sold in July, 1863, brought $137.10, and as it is not suggested that it did not bring its value in the currency to be used in payment, it would be unjust to the executor to charge him with more in value than he received, when no imputation is made upon his conduct in making this disposition of the goods. He is personally a loser by the difference in the scale applied at the time of sale, and nine months later at the the expiration of the credit.

There is no error in the rulings from which this appeal is taken, and the judgment of the Court upon the exceptions brought up must be affirmed.

No error.                                        Affirmed.