J. H. STRAUSS v. NORRIS FREDERICK, Ex'r of Wm. C. Frederick, HANNAH J. FREDERICK and CHARLES L. FREDERICK.

*Reference—Exceptions—Jurisdiction.*

Where the exceptions to the report of a Referee were to his finding of fact, either because they were without evidence or against its weight, and none were made to his conclusions of law or to the ruling of the Judge upon them; *held*, that no error was assigned of which the Supreme Court had jurisdiction.

CIVIL ACTION, tried before *Clark, Judge*, at November Term, 1886, of DUPLIN Superior Court, upon exceptions to a Referee's report.

There was judgment for the plaintiff, from which defendants appealed.

The plaintiff, John H. Strauss, early in November, 1872, executed a note in the sum of five thousand dollars to the partnership firm of Frederick & Son, which was constituted of the defendant Norris Frederick and William C. Frederick at their instance, and to be used in conducting their business; and said note was indorsed to and discounted by the First National Bank of Wilmington, and the proceeds paid to said firm. To protect and indemnify the plaintiff against his liability, and to reimburse him any loss he might sustain by reason thereof, the said William C., on November 12th, executed a deed of mortgage to the plaintiff, and therein

conveyed to him a tract of land in Duplin county containing 361 acres—the title to which he had derived from his father the said Norris—in trust and to be held as a security against loss or damage to result from the plaintiff's liability upon said note, and all renewals in whole or in part that might thereafter be given for said indebtedness. There was no power of sale in case of default conferred upon the mortgagee.

The complaint alleged that divers payments were made by Frederick & Son on said debt and securities given in renewal upon balances found to be due, and that the amount due on November 21st, 1878, was reduced to one thousand five hundred and thirty-eight dollars and forty-two cents, which the firm and the mortgagor neglected and refused to provide for, and the plaintiff being required by the bank to pay, did pay to its full discharge; and that the said William C. died—at a date not specified—leaving a will in which he appoints the said Norris executor, and gives his property, with limitations among them, to the said Norris and the other defendants, the mother and a brother of the testator.

The demand is for a judgment foreclosing the right of redemption and directing a sale of the land for the plaintiff's reinbursement.

The separate answer of said Norris, personally and as executor, as well as the joint answer of the other defendants, made on information and belief, not contradicting the material facts set out and charged in the complaint in other respects, deny the averment that any sum was due at the time stated by the plaintiff for which he was liable in consequence of his said suretyship against which the mortgage was given. In an amended answer the two last named allege, that the executor some time about February, 1879, turned over to the plaintiff a stock of goods worth about $2,300 of the said Frederick, amply sufficient to pay the sum claimed, and with which the plaintiff ought to be charged.

At Spring Term, 1885, a reference was made in these words:

"It is ordered by the Court, by consent of the parties, that all the issues of law and fact arising on the pleadings in this action, be referred for trial to R. W. Nixon, Esq., with full power to summon witnesses and hear testimony; whose duty it shall be, upon notice of twenty days to the parties of the time and place of hearing, to examine the evidence, reduce the same to writing, find the facts, and state his conclusions of law thereon arising, and such testimony and finding of law and facts the said referee shall report to the next term of this Court."

The commission was executed, and report made to the Court at its session in February, 1886, with a full statement of the evidence bearing upon the exceptions taken during the progress of the hearing, with numerous exhibits, covering a large number of closely written pages of legal cap paper, proper for the revising examination of the Judge in the Court below, but impertinent, and having no place in the appeal to this Court.

The defendants at the same Term filed exceptions, fifteen in number, all but the last taken to the referee's findings of fact upon insufficient evidence, or against its weight, and the last to the referee's failure to report what occurred in Court at a former trial, in which the Judge stated that unless plaintiff submitted to a nonsuit, so as to place the plaintiff in a position to bring a new action, he should direct the jury to find against him.

The exceptions were all overruled, the report confirmed, and judgment rendered ascertaining the debt due, and ordering a sale of the land, in order to its satisfaction, unless the same was paid within sixty days, and if so paid, a release to be executed to the defendants entitled thereto, of all estate and interest in the land vested in the plaintiff under the said mortgage deed.

*Mr. W. R. Allen,* for the plaintiff.
*Messrs. R. H. Battle* and *J. L. Stewart,* for the defendants.

SMITH, C. J., (after stating the case). There are no exceptions filed to the referee's conclusions of law, nor specifically to the ruling of the Judge upon any of them, and the appeal consequently brings up no assigned error within the jurisdictional power of this Court, which has so often been said, and is so well understood, as not to require any citation of authority in support of the proposition.

The last exception is in reference to matters, so far as we can see, wholly immaterial to the issues now before the Court, and if they had been, the Judge should have ordered a recommittal, in order that the omitted testimony be also reported, or a special direction to the referee to report it without a recommittal.

There is no error, and the judgment must be affirmed, with such change of terms as the delay resulting from the appeal has produced.

No error. Affirmed.