SMITH v. GUDGER.          .

(Filed December 15, 1903.)

1. JURISDICTION—*Superior Court—Clerks of Courts—Appeal—Acts 1903, ch. 99.*

   The clerk of the superior court has no jurisdiction of an action to sell property for reinvestment, etc., under acts 1903, ch. 99, but when carried to the superior court on appeal it will be retained for a hearing.

2. REMAINDERS — *Estates — Life Estates — Parties — Contingent Remainders—Acts 1903, ch. 99.*

   Persons not in being who may have an interest in property invested, in an action for the sale thereof and reinvestment are not necessary parties.

ACTION by E. A. Smith against J. H. Gudger and others, heard by Judge *E. B. Jones,* at November Term, 1903, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff the defendants appealed.

*Whitson & Keith,* for the plaintiff.
*G. A. Reynolds* and *J. H. Merrimon,* for the defendants.

CONNOR, J. The facts set out in the complaint and admitted by the demurrer bring this case clearly within the principle announced by this Court in *Springs v. Scott,* 132 N. C., 548, and *Hodges v. Lipscombe,* at the present term. The allegations in regard to the condition of the property, its non-productive character and the heavy burdens of taxation illustrate very strongly the necessity for the recent legislation and the rulings of this Court in regard thereto. We do not deem it necessary to discuss further the authorities or principles upon which the cases cited as controlling this record are founded. We think, however, that the plaintiff erroneously

brought this proceeding before the Clerk. It is not a special proceeding for partition, but an equitable proceeding for the sale of property and reinvestment of the proceeds formerly cognizable in a court of equity, as set out in *Watson v. Watson,* 56 N. C., 400. We do not think that this equitable power is conferred upon the Clerk. The cause, however, being now in the Superior Court by appeal, as in the case of *Springs v. Scott,* we can see no reason why that Court could not retain control and make all of the necessary orders in the premises. To the suggestion in the demurrer that all the persons who might, in any contingency, have an interest therein are not made parties, it is sufficient to say that the act of 1903 was passed expressly to meet the difficulty therein suggested. Such parties, if any, who shall hereafter come into being who may have any interest in the property are represented by all parties now *in esse.* The question is fully discussed in the opinion in *Springs v. Scott.* We desire to emphasize what we then said with regard to the duty of the Court to be diligent to ascertain the facts in each case and to proceed with caution in making orders therein. By so doing, as we there said, "the purpose of the Legislature will be accomplished without doing violence to, but rather in accordance with, the principles of our jurisprudence, and the preservation and protection of the rights of the parties." We would suggest that before further proceedings are had in this cause testimony be taken and the facts affirmatively found in respect to the allegations in the complaint. The cause should be docketed in the Superior Court and orders and decrees made in accordance with the practice of the Court at regular term thereof and signed by the Judge. Thus modified the judgment of the Court below is

Affirmed.