R. S. HARRIS and ANDREW JACKSON v. J. B. SMITH and W. V. STONE.

(Filed 24 April, 1907).

1. **Evidence—Referee—Exceptions.**—Unless excepted to, the findings of a referee are conclusive, and upon exceptions sustained by the Court below they are still conclusive unless it appears that there is no evidence to sustain them, or that they are based upon improper evidence.

2. **Same—Witness—Credibility—Supreme Court.**—The credibility of a witness is for the referee to determine, subject to the final review of the Judge below, and not by the Supreme Court.

CIVIL ACTION, heard on exceptions to the report of a referee before *Ward, J.,* at the August Term, 1906, of the Superior Court of SURRY County.

The plaintiffs alleged that W. H. Schaub sold and conveyed a tract of land to J. B. Smith for $1,000. Smith paid $200 and executed a deed of trust with power of sale to W. O. Schaub to secure the balance. The land was sold under the power by the trustee, when $613 was the balance due, and bid in by the defendant Stone at $800 and conveyed

to him. The plaintiffs alleged that this sale was really made at the request of Smith, with intent to defraud the plaintiffs who had afterwards purchased a one-half interest in the land from him for full value upon the representation that there was no lien or incumbrance on it and that Stone, in fact, bought for Smith, with notice of Smith's intent. The jury, upon issues submitted to them, so found. The Court, at August Term, 1903, referred the case with directions to the referee to find and report what amount was paid by Stone on the purchase-money at the trustee's sale, with a view of subrogating him to that extent to the rights of W. H. Schaub, creditor of Smith. The referee reported that Stone had paid $181.50, whereas Stone contended that he should have found that he had paid $613, which was the balance due on the purchase-money. The referee held that Stone was not entitled to subrogation, but, if the Court should be of a different opinion, he concluded as matter of law that he was so entitled only to the amount of $181.50 paid by him. The Court, at August Term, 1906, held that Stone was entitled to subrogation to the amount of $181.50, and ordered a sale of the land by a commissioner and distribution of the proceeds according to the rights of the parties. Defendant excepted and appealed.

*Lindsay Patterson* for plaintiff.

*Virgil E. Holcomb* and *Watson, Buxton & Watson* for defendant.

WALKER, J., after stating the case: The only question involved in this case is one of fact, the decision of which we are not permitted to review. As held in *Boyle v. Stallings,* 140 N. C., 524, it must appear that there was no evidence to support the findings of the referee, as sustained by the Judge, before this Court can reverse his conclusion of fact. The well-settled rule has always been that the findings of a

referee are conclusive unless excepted to by one of the parties. If, upon exceptions, the Court sustains them, they are still conclusive, unless it is shown that there is no evidence to support them or that they were based upon improper evidence. The rule has been too long established to be now shaken and, indeed, it is in itself correct in principle. *Usry v. Suit,* 91 N. C., 406; *Depriest v. Patterson,* 92 N. C., 399; *Cooper v. Middleton,* 94 N. C., 86; *Strauss v. Frederick,* 98 N. C., 60; *Jordan v. Bryan,* 103 N. C., 59.

The defendant Stone does not except because the referee or the Court committed any error in respect to the conclusions of law, but only upon the ground that, in the view he takes of the evidence, there was none to warrant the finding of fact that he had paid $181.50 instead of $613. Upon a careful review of the testimony, we think there was at least some evidence to support the finding, though the appellant's counsel has stated in his brief very strong and cogent reasons to show that the finding of fact should have been according to his contention  The question seems to have turned upon whether the $250 payment on the purchase-money of $613 was made by Brown for Smith or for Stone, the balance of $363 having been paid equally by Stone and Brown, each paying $181.50. W. H. Schaub testified that the $250 was paid by Brown for Smith, the original owner of the land which was sold. This excluded the idea that it was paid by Stone and was, of course, some evidence of the fact to be considered by the referee and the Court. It may have been fully explained afterwards by other evidence, but the credibility of the witnesses was for the referee, who heard their testimony, to pass upon, subject to final review by the Judge and not by us.

We find no error in the rulings and judgment of the Court.

No Error.