HAROLD COPPING v. HILLSBORO CLAY MANUFACTURING
COMPANY.

(Filed 2 November, 1910.)

1. Corporations — Receiver's Sale — Confirmation — Discretion of
   Court—Inadequacy of Price.

   The question of confirming a receiver's sale of the property of
   an insolvent corporation rests largely in the sound discretion of
   the lower court; and while the inadequacy of price may at times
   afford good reason for refusing to confirm a sale, it is not always
   or necessarily allowed as controlling.

2. Same—Original Cost—Deterioration of Property—Prospects.

   On appeal from the confirmation of the lower court of a re-
   ceiver's sale of the property of an insolvent corporation, it ap-
   pearing that the property is of a perishable nature, subject to
   great deterioration by further delay; that the sale had been prop-
   erly advertised, duly conducted, and the highest bid had not been
   raised, and that the nature of the property, the corporation's past
   history and the prospects gave no promise of an increase of the
   bid. *Held*, the inadequacy of the price of the bid, as compared
   with the original cost of the property, was not controlling, and
   that the sale was properly confirmed.

APPEAL from ORANGE, March Term, 1910, from *W. J. Adams,
J.,* heard at chambers at Durham, by consent, 21 March, 1910.

Civil action to recover judgment against an insolvent cor-
poration, wind up its affairs and make disposition of its assets,
heard on motion to confirm a sale of the plant by receiver.

The sale of the property, being a plant for the manufacture
of brick and some land upon which same was situated, was made
after due advertisement on 1 March, 1910. Report made to
March Term, 1910, Superior Court of Orange County, and the
question of confirming the sale by consent was left open to be
heard at chambers in Durham, during the week beginning 21
March, 1910.

On affidavits presented and after full consideration, the court
made an order confirming the sale in terms as follows: "This
cause coming on to be heard upon the receiver's report of sale,
the motion of the purchaser, S. Strudwick, through his counsel,
for a confirmation of said sale and the affidavits filed for and

against such motion, and it appearing that said sale was conducted fairly in all particulars, and in accordance with the order of sale heretofore made in this cause, and after diligent efforts to induce possible bidders to attend the same, and that at such sale S. Strudwick became the last and highest bidder in the sum of five thousand dollars, and has complied with the terms of the sale, and that since such sale no advance bid has been made by any one; and that no one of the creditors of the defendant corporation, now hopelessly insolvent, object to confirmation; and that said corporation is indebted to sundry persons in a sum in excess of forty thousand dollars; that no exceptions have been filed to said report by any creditors, stockholders or other persons interested in the property, and that receiver recommends a confirmation, and there is no probability of any increased bid being put in, and there is no probability of a resale resulting in a price which would at all benefit the creditors or any of the stockholders; that the property sold is in its nature perishable and subject to great deterioration by further delay. It is therefore ordered, decreed and adjudged that said sale be, in all particulars, confirmed, and that said receiver convey the property so sold to the purchaser, S. Strudwick, upon payment of the purchase money. This cause is reserved for further orders. W. J. Adams, Judge."

From this order Henry N. Brown, a creditor and stockholder, appealed.

*R. C. Strudwick* for S. Strudwick, appellee.
*J. W. Graham* and *S. M. Gattis* for appellant.

HOKE, J. On the findings of fact embodied in the judgment, and there is ample evidence to sustain them, the Court is of the opinion that the sale was properly confirmed. It appeared that the receiver had caused notice of the sale to be published for the usual period in two newspapers of general circulation, had posted notices at the courthouse door and three other public places in the county of Orange, where the plant was situated, for thirty days and had mailed a copy of the decree, containing a notice of the time, place and terms of sale to each of the known creditors and stockholders, and had duly notified and

conferred with various other parties whom he thought would likely be interested in that kind of property. The sale was fully advertised and fairly conducted, and while the amount bid may not have been adequate in respect to the original cost of the plant, it was shown that it was a kind of property which rapidly deteriorated in value, and neither the history of the enterprise nor its prospects gave promise that there would be any increase of the bid. Both the creditors and stockholders are entitled to have the matter adjusted and no good reason is shown for longer delay. While mere inadequacy of price may at times afford good reason for refusing to confirm a sale, it is not always or necessarily allowed as controlling. The question of confirmation rests largely in the sound legal discretion of the lower court and, on the facts stated, we are of opinion that this discretion has been properly exercised in the present case.

Our decisions are also in favor of his Honor's ruling, and the judgment confirming the sale must therefore be affirmed. *Uzzle v. Weil,* 152 N. C., p. 131; *Trull v. Rice,* 92 N. C., p. 572; *Vaughan and Barnes v. Gooch et al.,* 92 N. C., p. 524; *Pritchard v. Askew,* 80 N. C., p. 86.

Judgment affirmed.