CONESTEE CHEMICAL COMPANY, INC., v. W. C. LONG ET AL.

(Filed 15 November, 1922.)

1. **Judgments—Term—Presumptive Date—Signed Out of Term—Consent.**

    The provisions of C. S., 613, that judgments relate to the first day of the term, apply when the judgment was rendered and docketed during the term, or within ten days after adjournment thereof, and not to a judgment signed out of term by the consent of the parties, except where third persons are prejudiced; and the position may not be maintained that a sale of lands to be made by commissioners appointed to sell property, etc., was not made within the time prescribed by the order, under the theory that the date of the order was to relate back to the commencement of the term, when it appears that by consent the order was signed after the term of court, and the sale occurred within the time prescribed from the actual date on which the judge signed it.

2. **Appeal and Error—Findings by Court—Consent—Evidence.**

    Where the judge finds by consent the facts controverted in the action, his findings are not reviewable on appeal to the Supreme Court when supported by evidence.

3. **Same—Judicial Sales—Confirmation—Discretion of Court.**

    The confirmation of a judicial sale by the Superior Court judge is a matter within his sound discretion, and will not be reviewed by the Supreme Court on appeal when it has been exercised reasonably and not arbitrarily.

APPEAL by defendant from *Lane, J.,* at December Term, 1921, of RICHMOND.

On 4 March, 1920, the defendant Long executed and delivered to the plaintiff a chattel mortgage and crop lien to secure his promissory note to the plaintiff in the sum of $4,795, due on 15 November, 1920. The defendant made default in payment, and in Richmond County a consent judgment was rendered against him on 3 June, 1921, for the amount of the note, with interest, and a commissioner was appointed to sell at

private sale so much of the mortgaged property as was seized under proceedings in claim and delivery. The commissioner sold 59 bales of cotton at 9 cents, and realized $2,121.39, and made report of his sale on 1 August, 1921. At the September Term, 1921, the defendant filed written objections to the confirmation and several affidavits were filed. The cause was continued, and it was agreed that the judge might render final judgment outside the district in vacation. After finding the facts from the evidence his Honor signed a judgment on 31 August, 1922, confirming the sale and crediting the amount of the note with the proceeds. The defendant excepted and appealed.

*J. Chesley Sedberry and J. G. McCormick for the commissioner.*
*W. R. Jones and Stack, Parker & Craig for defendant.*

ADAMS, J. In the judgment to which the parties expressly consented it was provided that the commissioner should make sale within sixty days from the date of the order. The judgment was rendered as of the May Term, 1921, but his Honor found the facts to be that it was "signed and entered" on 3 June, and that the sale was made on 1 August, and within the time prescribed. The relation of a judgment to the first day of the term applies when the judgment is rendered during a term and docketed during the same term, or within ten days after the adjournment. C. S., 613. The statute does not purport to apply to a judgment signed out of term, and a judgment *nunc pro tunc,* though by agreement, is not allowed to take effect by relation to the prejudice of third parties. *Hardware Co. v. Holt,* 173 N. C., 310; *Ferrell v. Hales,* 119 N. C., 199. The defendant's first assignment of error therefore cannot be sustained.

The second and third assignments involve questions of fact. There was evidence to support each finding, and it is well established that in such cases the facts as found by the trial judge are not subject to review in this Court. *Harris v. Smith,* 144 N. C., 439; *Jordan v. Bryan,* 103 N. C., 59; *Strauss v. Frederick,* 98 N. C., 60.

The defendant further assigned as error his Honor's confirmation of the commissioner's sale and the order directing the clerk to credit the judgment with the proceeds of the sale, less the expenses. In our view of the law it is not necessary to discuss the various contentions in behalf of and in opposition to the order confirming the sale. Whether a judicial sale should be confirmed is ordinarily a matter within the sound equitable discretion of the court. True, the discretion must be exercised reasonably and not arbitrarily; but if it appears that the sale was free from deception and unfair advantage, and that the order of confirmation was made in the exercise of a discretion which was not abused, the

courts "will not be astute to find objections." *Sutton v. Craddock,* 174 N. C., 276; *Thompson v. Rospigliosi,* 162 N. C., 147; *Vaughan v. Gooch,* 92 N. C., 529; *Wood v. Parker,* 63 N. C., 379.

We have considered all the exceptions and have concluded, upon the whole record, that the defendant cannot claim the relief sought as a matter of legal right. The judgment is therefore

Affirmed.