E. L. McCORMICK and J. G. McCORMICK v. D. A. PATTERSON et al.

(Filed 14 September, 1927.)

**1. Partition—Sales—Report of Commissioners—Objections and Exceptions—Statutes.**

In proceedings for partition of lands under the provisions of C. S., 3243, 3230, requiring the commissioners appointed for the sale of the lands to file their report of the sale, and that if no exception thereto is filed within twenty days the same shall be confirmed, there is no discretion in the court for the judge to order a resale for mistake of facts when the sale has been made in accordance with law, unless the exceptions of the purchaser have been substantially made within the twenty days prescribed.

**2. Same—Resale—Courts—Discretion.**

C. S., 3243, 3230, by the use of the word "shall" makes it a prerequisite to the power of the court to order a resale that exceptions in a recognized legal way be made to the confirmation of the report of the commissioners appointed to sell lands in partition proceedings within the twenty days prescribed therein.

**3. Same—Substantial Compliance.**

Where three commissioners for the sale of lands in partition proceedings for a division have regularly sold the *locus in quo* as provided by law, and two of them have filed the report of sale, and the other protests against its confirmation upon the ground of a mistake in fact and appears before the clerk and gives his reason therefor within the statutory time, his conduct may amount to a substantial compliance with the statute leaving the matter within the power of the court to order a resale.

**4. Same—Appeal and Error—Record—Remand.**

Where it does not appear of record in the Supreme Court on appeal whether exceptions have been duly made to the report of the commissioners appointed for the sale of land for partition within the twenty days prescribed by statute, or whether the trial judge has considered the conduct of the purchaser as a substantial compliance with the statutes as to taking exceptions to the report, and the court has ordered a resale of the lands, the case will be remanded to the end that such further facts therein be found as will sufficiently present the case for the determination of the Supreme Court.

Civil action, before *Finley, J.,* at November Term, 1926, of Scotland.

At the June Term, 1925, of the Superior Court of Scotland County, *Bryson, J.,* in a partition proceeding, entered a judgment decreeing a sale for partition of 190 38/100 acres of land and appointing R. C. Lawrence, Henry A. McKinnon and Dickson McLean as commissioners of court to make the sale, in front of the postoffice in the town of Maxton. Pursuant to said judgment the said commissioners exposed said land to public sale, as required therein, on 2 November, 1925. The report of the sale was filed the 24th day of December, 1925, and signed by only two of the commissioners, to wit, Henry A. McKinnon and Dickson McLean, the other commissioner failing to sign said report. "Shortly after the other two commissioners filed their report" the third commissioner "advised the clerk of his desire to be heard in opposition to the confirmation of the report" filed by the other commissioners. On 23 April, 1926, after notice a motion was made before the clerk to "confirm said report." At this time the third commissioner appeared in opposition to the confirmation of the report. It appearing that the clerk was related to some of the parties to the controversy, a consent

McCormick *v.* Patterson.

order was entered, transferring the matter to be heard before the judge. The cause came on regularly to be heard by T. B. Finley, judge presiding, at the November Term, 1926, of Scotland Superior Court. At this hearing one of the parties in interest caused the report of the two commissioners to be read and moved the court to require the third commissioner to file a report. The commissioner thereupon asked to be heard, and stated that the bid of the purchasers had been induced by a material mistake of fact, in that the purchasers who were acting together, had bid $115 per acre for the land, when, in truth, they were raising their own bid, due to a mistake of fact, and that this mistake had not been discovered until after the sale had closed. After the statement of the commissioner a motion was made that he be required to file a report as commissioner, but the court stated that it would treat the evidence in lieu of a written report. Thereupon motion was made for a confirmation of the report filed by the other two commissioners. This motion was overruled and the court adjudged: "And it appearing to the court that the last bid put upon the property was induced by a mistake of fact, and the court in the exercise of its discretion being of the opinion that the report should not be confirmed, but that the land should be resold, it is thereupon considered and adjudged that the written report so filed by the two commissioners aforesaid be not confirmed; but the commissioner shall proceed to hereafter sell the lands, to be sold in the same way and manner as though it had never been sold," etc.

From the foregoing judgment the plaintiff appealed.

*J. Bayard Clark for plaintiffs.*
*James D. Proctor for defendants.*

Brogden, J. The question of law is this: In a sale of land for partition, can the court, in its discretion, refuse to confirm the report of commissioners, when such report has been filed more than twenty days and no objection is made thereto until after a motion for confirmation is lodged?

C. S., 3243, requires commissioners in partition sales to file reports of sales and provides that "if no exception thereto is filed within twenty days the same shall be confirmed." C. S., 3230, with respect to exceptions to reports of actual partition contains the same provision.

In *Floyd v. Rook,* 128 N. C., 10, an actual partition of lands had been made. The commissioners filed a report. After a lapse of about sixty days exceptions were filed to the report of commissioners and a motion made to set aside the sale. The trial judge refused to hear the exceptions to the report on the ground that they had not been filed

within twenty days after the filing of the report of the commissioners, because in such case the court had no power in law to hear the exceptions. This Court held that the language of The Code, sec. 1896, now C. S., 3230, "is peremptory and cannot be explained or altered by judicial decree. . . . That requirement of The Code is a rule of law and exceptions filed after twenty days have passed from the filing of the report of the commissioners are too late to be considered, and it makes no difference whether the report has been confirmed or not when the exceptions are filed, if they are filed after the time allowed by law." The *Floyd case, supra,* has been cited in two other decisions of this Court, to wit, *McDevitt v. McDevitt,* 150 N. C., 644, and *Upchurch v. Upchurch,* 173 N. C., 88. *Hoke, J.,* in the *Upchurch case,* referring to the exceptions in the *Floyd case,* said: "Doubtless they were for some irregularities in the proceedings or because of some inequitable adjustment. In either case they were known to the parties at the time the partition was made or when the report was filed, and such objections come more nearly within the express terms and purpose of the statute." In other words, the *Upchurch case* holds that exceptions as to irregularities or inequitable adjustment "come more nearly within the express terms and purpose of the statute" and do not "impair the power of the court as to confirmation of judicial sales for inadequacy of price, evidenced by an increased and sufficient bid made before the proposed purchaser has appeared and moved for an acceptance of his bid." So that, an increased bid may be accepted by the court and a resale ordered after twenty days, provided the proposed purchaser has not theretofore moved for an acceptance of his bid. But if a motion is made for a confirmation of sale before the increased bid is offered, then the court is without discretion in the matter and must confirm the sale. As we understand it, this is the principle declared in *Ex parte Garrett,* 174 N. C., 343. In that case the Court said: "It may also be noted that in all special proceedings, except for partition, in which a report is to be filed, the statute (Rev., sec. 723, now C. S., 763), provides that if no exception is filed to the report within twenty days the court *may* confirm the same, on motion of any party, while in the statute before us (Rev., sec. 2513, now C. S., 3243), referring to partition, the word used is *shall,* thus indicating a purpose to distinguish between the two, and in one case resting a discretion in the court, and in the other making it obligatory to act." Under these decisions, therefore, the law is that, under C. S., 3243, exceptions must be filed or an increased bid placed upon the purchase price within twenty days or before a motion to confirm the sale is made.

McCORMICK v. PATTERSON.

In the case before us the trial judge ordered a resale in the discretion of the court. The correctness of this ruling depends upon the sole question as to whether or not exceptions have been filed within twenty days or before the motion for confirmation of the sale was made. In contemplation of C. S., 3243 an exception is an objection to the regularity of the proceedings or sale or because of "inequitable adjustment." Were exceptions or objections made to this sale within twenty days or prior to the time of the motion for confirmation? The record in the cause states: "No exceptions have ever been filed to said report." However, it further appears in the record that "shortly after the other two commissioners filed their report, the purchasers advised the clerk of a desire to be heard in opposition to the confirmation of the report." It further appears that thereafter on 23 April, 1926, a motion to confirm the report was made for the first time, and the purchasers appeared in opposition to the confirmation of said report. When the cause came on for hearing before the trial judge the purchasers were still present, resisting the confirmation of the sale.

The law does not require strict formality in the filing of exceptions. For instance, in *McDevitt v. McDevitt,* 150 N. C., 644, the defendant went to the clerk before the expiration of twenty days and notified him that he desired to file exceptions to the report. Thereupon the clerk entered the following memorandum upon the record: "George McDevitt, the defendant, comes into court and objects to the report of the commissioners in this cause and asks that the same be not confirmed." Later on, amended exceptions were filed. Upon the hearing, the clerk confirmed the report upon the ground that no exception had been filed within twenty days from the filing of the report. This judgment was reversed.

In the present case it appears that the purchaser notified the clerk of objection to the confirmation of the sale and thereafter, without objection, in open court, made an extended statement of the reasons why said sale should not be confirmed. It does not appear whether or not the first objection made to the clerk was within the twenty days and before the first motion of confirmation was made. Neither does it clearly appear whether or not the trial judge considered the oral statement of the purchasers as exceptions or objections to the report of the commissioners. If no notice of objection to the report was given to the clerk within twenty days or prior to the first motion for confirmation, and if the notice given and the subsequent oral statements in open court did not amount to objections or exceptions, then the trial judge was without discretion in setting aside the sale and ordering a resale. Upon the other hand, if the notice to the clerk was given before the

expiration of twenty days or before the first motion for confirmation was made, and the trial judge permitted the oral statements as an amendment to the exceptions as pointed out in the *McDevitt case,* then the court had discretion to find the facts and order a resale.

The cause is remanded to the Superior Court of Scotland County for further findings of fact in accordance with this opinion.

Remanded.