BARNHILL, J., concurring.
WINBORNE and DENNY, JJ., join in concurring opinion.
This is a special proceeding commenced by petition filed before the clerk of the Superior Court of Yancey County by the administrators, *Page 100 
widow and heirs at law of the late A. G. Wilson, being all the parties in interest and asking the same relief, under C. S., 759; wherein the petitioners seek a decree for the private sale of timber belonging to the estate of the decedent to make assets with which to pay off the debts of the decedent. Michie's N.C. Code, 1939, sec. 74.
In response to said petition the clerk of the Superior Court of Yancey County, by judgment dated 20 January, 1941, approved and authorized a proposed contract of sale of certain timber rights to the Fletcher Lumber Company (copy of which contract was made a part of the judgment), and appointed A. E. Wilson and C. L. Wilson commissioners to make sale in accord therewith, and closed the judgment with "This cause is retained for further direction," and on the same date, 20 January, 1941, the commissioners reported that they had entered into the approved contract with the Fletcher Lumber Company, and on 1 February, 1941, the clerk confirmed and ratified said contract.
On 19 December, 1941, the petitioners applied to Pless, Resident Judge, for an order restraining the Fletcher Lumber Company from cutting or removing any more timber from the land of the estate of the decedent for the reason that said company had failed to comply with the provisions of its contract with regard to payments and in regard to entering into an arbitration in event of disagreements, and for the further reason that said contract provided that "the title to all timber and its products sought to be sold by this contract is expressly retained by the sellers until full payment is made therefor." Whereupon Pless, J., ordered the Fletcher Lumber Company to appear and show cause, if any it had, why the restraining order should not be granted.
On 22 January, 1942, Pless, Resident Judge, issued an order restraining the Fletcher Lumber Company, its agents, servants and employees from removing any further lumber, timber or timber products cut by it under the aforesaid contract until further orders of the court, and directing the Fletcher Lumber Company to appear on 7 February, 1942, at Marion, and show cause, if any it had, why the restraining order should not be continued to the final hearing.
After giving ten days notice to the petitioners of its intention so to do, the Fletcher Lumber Company on 10 February, 1942, entered a special appearance before Sink, J., holding the courts of the 18th Judicial District, and moved the court to vacate the temporary restraining order issued by Pless, J., on 22 January, 1942, and on 10 February, 1942, Sink, J., vacated the temporary restraining order of Pless, J., but subsequently held such vacation "to be ineffectual" and continued the hearing till 18 February, 1942, when it was "considered, ordered and adjudged by the Court that the Fletcher Lumber Company, Inc., be and hereby is enjoined and restrained until a hearing from moving from the lands of *Page 101 
the petitioners the timber products referred to in the application as not having been paid for and the temporary order is continued until the hearing."
To the judgment of Sink, J., continuing the restraining order to the hearing the Fletcher Lumber Company reserved exception, and appealed.
This appeal poses only two questions: first, Did the court err in denying appellant's motion, made under special appearance, to vacate the restraining order for the reason that the Fletcher Lumber Company was not a party to the original ex parte proceeding before the clerk?, and second, Did the court err in denying said motion for the reason that a final judgment had been entered in said proceeding? We are of the opinion, and so hold, that a negative answer is proper to both questions.
Appellant's position that the Fletcher Lumber Company is not a party to the ex parte proceeding is untenable. The contract with the lumber company is specifically made a part of the court order, and by signing said contract and beginning operations thereunder, after its submission to and approval by the court, the lumber company made itself a party to the proceeding and submitted itself to the jurisdiction of the court, and the court was thereby vested with the power to enforce compliance with the contract, and this power continues to exist until the contract is fully performed.
In a proceeding before the clerk to sell the land of tenants in common it was held that the jurisdiction of the court included the right to accept a private bid through its commissioner, as was done in the instant case, and "When the bid is accepted, whether it was at public or private sale, the Court has jurisdiction over the purchaser for the purpose of enforcing compliance with it." Wooten v. Cunningham, 171 N.C. 123, 88 S.E. 1, and cases there cited.
"In a proceeding to sell lands for assets the court of equity has all the powers necessary to accomplish its purpose and when relief can be given in the pending action it must be done by a motion in the cause and not by an independent action. The latter is allowed only where the matter has been closed by a final judgment. If the purchaser fails to comply with his bid, the remedy is by motion in the cause to show cause, etc., and if this mode be not pursued, and a new action is brought, the court ex mero motu will dismiss it. This course is adopted to avoid the multiplicity of suits, avoid delay, and save costs. Hudson v. Coble, 97 N.C. 260; Pettillo, exparte, 80 N.C. 50; Mason v. Miles, 63 N.C. 564, and *Page 102 
numerous cases cited in them." Marsh, Administrator, v. Nimocks et al.,122 N.C. 478, 29 S.E. 840.
The contention of the appellant that the order of the clerk of 20 January, 1941, approving the proposed contract between the petitioners and the Fletcher Lumber Company, and authorizing, empowering and directing its execution, and the collection of the payments due thereunder and the full performance of the provisions of the contract was a final judgment, and therefore the restraining order issued thereafter was unauthorized by law, is untenable.
This order of confirmation was not a final judgment for the reason that the contract provides for deferred payments to be made to the commissioners, who were officers of the court, to be applied on the debts of the decedent, and a final judgment could not be made until the last payment of the purchase price of the timber was made. "The action is not ended as long as anything remains to be done." Hoff v. Crafton, 79, N.C. 592.
In Long v. Jarrett, 94 N.C. 444, where an administrator had sold land to make assets and an independent action was brought by the administrator of the purchaser to have deed executed the court dismissed the action and held that a motion in the cause was the proper remedy, it is written: "The proceeding in which the land was sold has not been terminated by any final order or decree, nor will it be, until the purchase money for the land has been paid, and a proper order entered, directing title to be made to the purchaser, or to the person to whom he may have transferred his bid. That proceeding is still pending, in the contemplation of law, and if it has been allowed to disappear from the current docket of the Court, it may be brought forward upon motion therein for that purpose."
"By means of that proceeding, the Court has complete jurisdiction of the administrators of R. C. Puryear, his heirs at law, and the land in question, for the purpose of completing the sale of the land, and it ought to exercise its jurisdiction over the parties and subject matter of the proceeding, until the latter shall be determined according to law. The Court ought not, and will not, in another proceeding or action, take jurisdiction of the same parties and the same subject matter, and do therein what ought properly and regularly to be done in the incomplete proceeding. The law requires consistency in procedure, and in the exercise of jurisdictional authority. It avoids and prevents confusion and multiplicity of actions in respect to the same cause of action, and it will not allow its purpose in these respects to be defeated by the consent, assent, or inadvertence of parties. Hence it will not tolerate the inconsistency and practical absurdity of suspending or stopping an action before it is completed, and do what ought legitimately to be done in it, in another and distinct action." *Page 103 
The reverse is also true; that is, a motion in the cause is the proper remedy by an administrator to collect past-due payments from a purchaser of land sold to make assets, as well as by such purchaser against an administrator to compel the execution of deed for such land.
"Numerous adjudications have established the general proposition that where relief can be had in a pending cause, it must be there sought. . . . The authorities are also uniform that a court of general jurisdiction, ordering a sale of land, can and will afford a complete remedy in the proceeding against one buying under its decree." Crawford v. Allen,180 N.C. 245, 104 S.E. 468.
And for a further reason, it appears from the order of the clerk of 20 January, 1941, approving and authorizing the contract between the petitioners and the Fletcher Lumber Company that it was not contemplated that such order was a final judgment, since it concludes with "This cause is retained for further direction."
Both the resident judge and the judge holding the courts of the district had jurisdiction to issue the orders made by them. This proceeding was before the clerk when he issued the order of 20 January, 1941, approving and authorizing the contract of sale and purchase of the timber belonging to the estate of the decedent, and on 1 February, 1941, when he confirmed and ratified the contract. The resident judge on 22 January, 1942, when he issued the temporary restraining order and notice to show cause why such order should not be continued to the final hearing, was vested with ample authority to deal with the case, as was likewise the judge holding the courts of the district on 18 February, 1942, when he continued the restraining order theretofore issued by the resident judge to the final hearing. "It is established by numerous decisions that the clerk is but a part of the Superior Court and when a proceeding of this character is brought before the judge for his approval, he is vested with ample authority to deal with it. Williams v. Dunn, supra (158 N.C. 399,74 S.E. 99); Smith v. Gudger, supra (133 N.C. 627, 45 S.E. 955); In reAnderson, supra (132 N.C. 243, 43 S.E. 649)." Perry v. Bassenger,219 N.C. 838, 15 S.E.2d 365. "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action. . . ." C. S., 637.
The judgment of the Superior Court is
Affirmed.