JOHN L. WOOD v. MARY CHRISTIAN FAUTH and Husband, STERLING FAUTH; ELIZABETH WOOD RICE and Husband, WILLIAM D. RICE, and HELEN WOOD SAWYER and Husband, I. B. SAWYER, Respondents.

(Filed 19 September, 1945.)

**1. Partition § 4d—**

A partition proceeding having been transferred to the civil issue docket of the Superior Court, confirmation of a sale therein is a matter for the judge.

**2. Same—**

The report of sale in a partition proceeding, duly confirmed by the judge at term, confers upon the bidder certain rights of which the bidder cannot be summarily deprived. Upon failure to comply promptly with the bid, the proper procedure is by rule to show cause, and a reasonable time within which to comply should be allowed before vacating the sale and ordering a resale. Upon compliance the bidder is entitled to a deed as of the day of sale.

**3. Same—**

Commissioners, appointed to sell land in a proceeding for partition, have the right to require the payment of the amount bid in cash; and a motion to allow the bidder to offset claims against some of the shares is properly denied.

Appeal by defendants from *Dixon, Special Judge,* at May Term, 1945, of Pasquotank. Error and remanded.

This was a proceeding for sale of certain real property for partition among the heirs of John L. Wood, Sr., subject to the widow's dower therein. The proceeding was begun in 1938 on the petition of John L. Wood, Jr., and was transferred to the civil issue docket of the Superior Court. There it was determined by reference (*Edmonds v. Wood,* 222 N. C., 118, 22 S. E. [2d], 237), that the one-third share or interest of petitioner was subject to a lien in favor of the widow, the defendant Mary C. Fauth, in the principal sum of $2,425.57, and that the property was subject to the allotted dower of Mary C. Fauth, and to liens for taxes and assessments.

At October Term, 1940, Judge Burgwyn confirmed the referee's report, ordered sale of the property, subject to the liens referred to, and appointed commissioners for that purpose. The sale was made 7 April, 1941, and the property bid off by defendant Mary C. Fauth for $1,051. The sale was reported and confirmed by Judge Burgwyn at May Term, 1941, of the Superior Court.

The other defendants, owning the two other shares in the property, signified their desire that their interests in the proceeds of sale be used

in payment of the amount bid by Mary C. Fauth, and requested that settlement be made by commissioners on that basis, leaving only costs and taxes to be paid in cash. The commissioners did not agree, and pending controversy on this point the amount bid was not paid nor deed executed. No motion to close the matter was made by any of the parties.

On 17 October, 1944, the commissioners made a supplemental report that the bid previously reported had not been paid, that the property was worth considerably more than the bid, and recommended that the order of confirmation be set aside and resale ordered. The clerk thereupon ordered that the sale and confirmation be set aside and the property advertised for resale. On appeal to the judge, the order of the clerk was confirmed, and the court, finding that the defendant had failed to comply with her bid and that the property had increased in value, set aside the former order of Judge Burgwyn, and ordered a resale. The court denied defendants' motion that the bidder be permitted to use the interests of the other defendants, and her own lien on petitioner's share in settlement of amount bid. The court also denied motion of defendant that she be allowed 30 days within which to pay the full amount of her bid in cash.

Defendants excepted and appealed.

*M. B. Simpson* and *John H. Hall* for plaintiff, appellee.
*J. Kenyon Wilson* for defendants, appellants.

DEVIN, J. This partition proceeding having been transferred to the civil issue docket of the Superior Court, confirmation of the sale was a matter for the judge. *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579. The reported sale on the bid of Mary C. Fauth was duly confirmed by the judge at term. This conferred upon her certain rights of which she could not be summarily deprived. Upon failure to comply promptly with her bid the proper procedure was by rule to show cause. A reasonable time within which to pay before vacating the sale and confirmation and ordering another sale should have been allowed, *Ex Parte Wilson,* 222 N. C., 99, 22 S. E. (2d), 262; *Mebane v. Mebane,* 80 N. C., 34; *Pettillo, Ex Parte,* 80 N. C., 50; *Hudson v. Coble,* 97 N. C., 260, 1 S. E., 688; *Marsh v. Nimocks,* 122 N. C., 478, 29 S. E., 840; *Gilliam v. Sanders,* 198 N. C., 635, 152 S. E., 888; this by analogy to the practice in the foreclosure of mortgages. *Pettillo, Ex Parte, supra.* Upon compliance with her bid after judicial confirmation, defendant would be entitled to deed conveying title as of the day of sale. *Parker v. Dickinson,* 196 N. C., 242, 145 S. E., 231.

Under the circumstances of this case we think the court below was in error in vacating the previous order of confirmation and ordering resale

without affording defendant reasonable time as prayed within which to pay the full amount of her bid in cash. The defendants' motion that the commissioners be required to offset the lien of the bidder on petitioner's share and the assigned shares of the other defendants against the purchase price was properly denied. The commissioners had the right to require the payment of the amount bid in cash.

For the error pointed out the cause is remanded to the Superior Court of Pasquotank County for further proceedings not inconsistent with this opinion.

Error and remanded.