ROGER A. GALLOWAY, H. A. GALLOWAY and W. LAWSON GALLOWAY
v. ANNIE GALLOWAY HESTER, O. F. GALLOWAY, T. I. GALLOWAY,
J. HENRY GALLOWAY, MARY CALDWELL, EXECUTOR OF THE ESTATE
OF NELLIE GALLOWAY, DECEASED.

(Filed 10 December, 1958.)

**1. Judicial Sales § 4—**

An advance bid entered by the owners of a minority interest in the
land and not supported by a cash deposit or bond but only by the in-
terest of the advance bidders in the land, which interests are subject
to deeds of trust, judgments and tax liens in an undisclosed amount,
does not meet, at least technically, the statutory requirements for an
advance bid. G.S. 1-339.25(a).

**2. Same— Whether court should order resale, thus releasing the cash
bidder, calls for exercise of judicial discretion.**

Whether to accept a cash bid or order another sale, thus releasing
the cash bidder, calls for the exercise of judicial discretion, and where
it appears that one advance bid after another had caused the property
to be resold a number of times until all bidders had retired from the
competition, the confirmation of the last sale to the last and highest
bidder in the amount of the bidder's upset bid, the cash deposit having
been made, and the refusal to order another sale upon an upset bid of
the owners of the minority interest in the land, secured not by cash or
bond, but only by their interest in the land which was subject to liens
in an undisclosed amount, will be affirmed as a proper exercise of judi-
cial discretion by the court.

PARKER, J., not sitting.

APPEAL by defendants Annie Galloway Hester and O. F. Galloway
from *Nettles, J.,* August 11, 1958 Regular "B" Civil Term, MECKLEN-
BURG Superior Court.

This proceeding was instituted by certain of the heirs of M. A.
Galloway against others in which the petitioners seek, among other
things, an accounting for rents and profits from two tracts of the M.
A. Galloway lands alleged to have been in the exclusive possession of
the respondents since Mr. Galloway's death in 1939. It appears from
the pleadings that a controversy has been going on among the heirs
for more than 15 years.

On December 9, 1957, Judge Dan K. Moore signed a judgment
consented to by all parties and their counsel. In the judgment com-
missioners were appointed and directed to sell two specifically de-
scribed tracts of land. Only the first tract, containing 72.194 acres, is
involved in this appeal. Before proceeding with the sale, the commis-
sioners applied to the Charlotte Board of Realtors, Inc., to have the
value of the tract of land estimated. A committee appointed for the
purpose placed a value of $64,360 on tract No. 1.

The first attempt at a sale resulted in an offer of $60,000. The bid-

der made a cash deposit to insure compliance with the bid, as provided in G.S. 1-339.25 (a). Before confirmation an advance bid accompanied by a cash deposit was filed, and a resale was ordered. The resale resulted in a bid of $69,000. The bidder made the required cash deposit. On April 13, 1958, an advance bid of $72,500, accompanied by a cash deposit, was offered by Parker Whedon, agent. The resale produced no other bids and Parker Whedon was declared the highest bidder at the amount of his advance bid. On May 5, 1958, respondents Annie Galloway Hester, T. Irvin Galloway, Osborne F. Galloway, individually, and as executor, entered into an agreement with the commissioners, authorizing the latter to pay off and disburse from the proceeds of the sale of their interests all deeds of trust, judgments, and taxes which were liens against their interests in the property. On May 8, 1958, respondent Annie Galloway Hester filed a purported upset bid in the amount of $75,000, later amended to $76,175, tendering in lieu of the cash deposit her 1/9 interest in said property. She assigned her bid, as amended, to Triece Construction Company, Inc. On June 16, 1958, at a resale, Triece Construction Company made the highest bid of $79,200, accompanied by the required cash deposit. On June 26, 1958, E. S. DeLaney, agent, filed an upset bid of $83,210, accompanied by a cash deposit. On June 28, 1958, Judge Pless ordered a resale. There were no other bids and E. S. DeLaney, agent, was declared the last and highest bidder at $83,210, the amount of his upset bid. He made the cash deposit required. On July 31, 1958, Annie Galloway Hester and O. F. Galloway filed the following:

> "The undersigned, Annie Galloway Hester and O. F. Galloway, jointly, herewith respectfully tender a bid to you for the lands of the M. A. Galloway Estate described in the Petition in this cause as the First Tract, comprising 72.194 acres, in the amount of $90,000, and agree that in the event said bid is not complied with that their three-ninths interest in said lands valued in relation to this bid in the amount of $5,000 shall be forfeited to the extent of any loss suffered by the remaining parties in interest, said agreement of forfeiture is made for the purpose of insuring performance of this bid on the part of Annie Galloway Hester and O. F. Galloway in the event said bid is the final bid in this matter. It is further agreed that the said Annie Galloway Hester and the said O. F. Galloway, and their husbands and wives, will deed to any parties damaged, in the event of failure to perform, their three-ninths interest in this land to the extent that the said parties may be damaged and for the purpose of indemnifying the

Commissioners herein as well as the remaining parties in interest against such damage.

Annie Galloway Hester  (Seal)<br>
O. F. Galloway  (Seal)."

Notwithstanding the above purported offer, the commissioners, pursuant to notice, moved before Judge Nettles that the bid of E. S. DeLaney, agent, in the amount of $83,210 be confirmed. After hearing, Judge Nettles confirmed the sale, directed the commissioners to collect the purchase price, and upon the payment thereof to convey title to DeLaney, agent. The court entered the following as a part of the judgment:

> "That the Court having access to the court records in this proceeding and having heard the argument of counsel and having received the motion of the Commissioners that the said sale be confirmed, finds as a fact that it is for the best interest of the parties to this proceeding that said sale be confirmed and the Court in its discretion confirms said sale as being the highest bid for said property as provided by the Statutes for judicial sales and by the order of Hon. J. Will Pless of June 28, 1958. That the Court finds further that the sale on the 21st day of July 1958 was held also in accordance with the order of Dan K. Moore of December 10, 1957."

From the order of confirmation entered by Judge Nettles, Annie Galloway Hester and O. F. Galloway appealed.

Ernest S. DeLaney, Agent, filed a petition in the Supreme Court for leave to intervene and file a brief. The petition was allowed and the brief was filed.

*Mullen, Holland & Cooke, By: James Mullen, for appellants.*

*Carswell and Justice, By: James F. Justice, for petitioners, appellees.*

*Parker Whedon for intervenor.*

HIGGINS. J.   The facts in this case have been stated somewhat fully because of the nature of the legal questions involved. The appellants contend (1) that Judge Nettles committed error by placing a too literal and too rigid interpretation on the requirement that a cash deposit accompany an advance bid (G.S. 1-339.25(a)), (2) that the offer of the appellants to permit their interests in the land to stand as a guarantee of their compliance with their bid in equity should be considered compliance, and (3) that if a discretionary matter, nevertheless Judge Nettles should have ordered a resale in the interest of all parties. They cite in support the following cases: *Wood v. Fauth,* 225 N.C. 398, 35 S.E. 2d 178; *Creech v. Wilder,* 212 N.C. 162, 193 S.E. 281; *Alexander v. Boyd,* 204 N.C. 103, 167 S.E. 462; *McCormick*

*v. Patterson,* 194 N.C. 216, 139 S.E. 225; *Perry v. Perry,* 179 N.C. 445, 102 S.E. 772; *Tayloe v. Carrow,* 156 N.C. 6, 72 S.E. 76.

The legal principles approved in the foregoing cases cited by the appellants, in the light of the facts in those cases, tend rather to fortify than to impair the order confirming the sale. One advance bid after another had caused the property to go back to the block until finally all bidders had retired from the competition, leaving DeLaney's bid unchallenged until the appellants, who owned three-ninths of the land, and whose interests therein were subject to deeds of trust, judgments, and tax liens in amounts undisclosed, proposed to raise the bid from $83,210 to $90,000. However, they offered neither cash nor bond to secure compliance with their bid. The court's commissioners recommended the DeLaney bid be confirmed. The plaintiffs, who own three-ninths interest in the land, filed a brief here asking this Court to confirm the judgment of the superior court. Judge Nettles " . . . having access to the court records in this proceeding . . . finds as a fact that it is to the best interest of the parties to this proceeding that said sale be confirmed and the court in its discretion confirms said sale as being the highest bid for said property as provided by the Statutes for judicial sales." It must be conceded the appellants' bid, at least technically, did not meet statutory requirements as to the deposit of cash.

Whether to accept the cash bid or to order another sale, thus releasing the cash bidder, called for the exercise of judicial discretion. In the case of *Thompson v. Rospigliosi,* 162 N.C. 145, 77 S.E. 113, this Court said: "It follows, therefore, that his Honor exercised a discretion vested in him by the law when he refused to accept the advance bid, associated as it was with other unfavorable circumstances, and that his discretion is not reviewable unless there has been an abuse of it, and we find none."

"The question of confirmation rests largely in the sound legal discretion of the lower court and, on the facts stated, we are of the opinion that this discretion has been properly exercised." *Copping v. Mfg. Co.,* 153 N.C. 329, 69 S.E. 250.

" . . . the question of confirming a sale is referred, as stated, to the sound legal discretion of the court, and, in the proper exercise of such discretion, the court, under certain conditions, may reject an increased bid and confirm a sale when it appears from the relevant facts and circumstances such a course is wise and just and for the best interests of all parties whose rights are being dealt with in the suit." *Upchurch v. Upchurch,* 173 N.C. 88, 91 S.E. 702; *Sutton v. Craddock,* 174 N.C. 274, 93 S.E. 781; *Chemical Co. v. Long,* 184 N.C. 398, 114 S.E. 465.

The law and the facts in this case support Judge Nettles, and his judgment is

Affirmed.

PARKER, J., not sitting.